## SCHNADERBECK a. WORTH.

*Supreme Court, First District; Special Term, November,* 1858.

### PLEADING.—COUNTER-CLAIM.

In an action for an assault, the defendant's answers admitted an assault, but denied that it was of the nature or extent stated in the complaint.

*Held,* that there was no issue to be tried, and that the plaintiff was entitled to an assessment of damages.

The answers in an action for an assault set up as a counter-claim, an alleged assault made by the plaintiff on the defendant, at the same time.

*Held,* that although the two assaults arose in the same affray, they did not constitute one transaction, so as to authorize the latter to be set up as a counter-claim; but the defendant must seek his redress in a cross action.[*]

Motion for judgment.

The facts are stated in the opinion.

---

[*] Compare Fellerman a. Dolan, 7 *Ante,* 395, *note ;* and, as to the subject of counter-claim generally, The Xenia Branch Bank a. Lee, 7 *Ante,* 372.

INGRAHAM, J.—The defendant admits that he made a slight assault upon the plaintiff, but denies that it was of the nature or extent stated in the complaint. In other words he says he did assault the plaintiff, but the damages were not as great as the plaintiff says they were.

With such an answer the plaintiff is entitled to recover judgment for something, and the only question for a jury is what damages are to be awarded. There is no issue to be tried, and assessment of damages belongs to the sheriff's jury.

The defendant sets up by way of counter-claim, that at the time he committed the assault on the plaintiff, and simultaneous therewith, the plaintiff made a savage assault upon him, and claims damages therefor. This is simply impossible. If as he admits he assaulted the plaintiff, then there can be no simultaneous assault on himself for which he could recover damages. If in the progress of the affray the plaintiff became the aggressor, for which he was responsible, by using in his defence more force than was necessary therefor, it can hardly be said that the same can be set up as a counter-claim. The defendant must resort to another action. They are not and cannot be one transaction, but one is subsequent to the other. In Askins a. Hearne (3 *Abbotts' Pr. R.*, 184), Judge Emott expressed a doubt whether any contrary causes of actions for torts can be the subject of counter-claims, or that they can be said to arise out of the same transaction.

I do not think the provisions of the Code were intended to allow different assaults by the respective parties, although in the same affray to be the subject of trial in the same action, or that the defendant could use one as a counter-claim against the other.

Judgment is ordered for the plaintiff, and writ of inquiry to issue to assess the damages.