[No. 3,452.]

# M. LOVENSOHN AND J. B. GALLAND *v.* LOOMIS WARD AND H. P. WHIPPLE.

LIEN ON GROWING CROPS.—When a debtor gives to a creditor possession of a growing crop, under an agreement that the creditor shall harvest it and apply the proceeds to the payment of the debt, the creditor thereby acquires a lien on the crop superior to the lien acquired by another creditor who receives from the debtor a mortgage on the crop, after the first creditor has taken possession, and with notice of the rights of the first creditor.

DEFENDANT CANNOT INTRODUCE NEW MATTER IN REPLEVIN.—The subject matter of litigation in replevin is the property mentioned in the complaint, and the defendant cannot, in his answer, allege that the plaintiff has taken from him other property than that mentioned in the complaint, and ask or obtain judgment for its return.

APPEAL from the District Court of the Second Judicial District, County of Tehama.

Replevin to recover one hundred and seventy-four sacks of peanuts or the value thereof. Ah Chong had a verbal lease of the land hereinafter described, from the defendant Whipple, and was growing peanuts thereon. Being indebted to the plaintiffs, he, on the 22d day of August, 1870, gave them a mortgage on the crop growing on the south half of the northwest quarter of section two, township twenty-five north, range two west; which mortgage was recorded two days thereafter, and the plaintiffs put a man in charge of the same. August 8th, 1870, Ah Chong, being indebted to defendant Whipple, gave him a mortgage on the northeast quarter of the southwest quarter and the northwest quarter of the southeast quarter of said section, and the same day Whipple sold the debt to defendant Ward, and Ah Chong, on the same day, gave Ward possession of the mortgaged premises, with an agreement that he was to harvest and sell the crop and apply the proceeds towards paying the debt. On the 19th day of October, 1870, Ah Chong gave the plaintiffs a mortgage on the crop growing

on the land covered by the Whipple mortgage, as further security for the payment of their debt. After this second mortgage, the plaintiffs took away from the land last named sixty-eight sacks of peanuts, which the defendant Ward had harvested. Defendant Ward harvested the peanuts on the land last named, and took away one hundred and seventy-four sacks. The plaintiffs sued to recover this one hundred and seventy-four sacks. The defendants, in their answer, set up that the plaintiffs had wrongfully taken away said sixty-eight sacks, and asked for judgment for return of the same or the value thereof. The Court below gave judgment for the defendant Ward for a return of the sixty-eight sacks, or three hundred and forty-seven dollars and forty-eight cents, the value thereof. The plaintiffs appealed.

The other facts are stated in the opinion.

*P. B. Nagle* and *Catlin & McFarland*, for Appellants.

The claim of defendant Ward to the sixty-eight sacks is not the subject of a counterclaim within the meaning of the forty-seventh section of the Practice Act.

One trespass cannot be used as a set-off or counterclaim against another. (*McDougall* v. *McGuire*, 35 Cal. 274; Waterman on Counterclaim, 149; *Lovejoy* v. *Robinson*, 8 Ind. 399.)

The Whipple mortgage was upon the land, and gave him no interest in the growing crop. The title to the growing crop remained in Ah Chong, notwithstanding this mortgage. By the parol agreement with Ah Chong, Ward acquired no lien on the growing crop.

*Creed Haymond* and *Chadbourn & Lewis*, for Respondents.

The provisions of the forty-seventh section of the Practice Act were intended to prevent circuity of action and enable parties to settle every question arising out of or connected

with the transaction set forth in the complaint or answer. (*Stoddard* v. *Treadwell*, 26 Cal. 300; *Dennis* v. *Belt*, 30 Cal. 247; *Belleau* v. *Thompson*, 33 Cal. 495; *Campbell* v. *Fox*, 11 Iowa, 318.)

Ward had possession of the peanuts and the power to sell the same, and this gave him a lien. (*Fogarty* v. *Sawyer*, 17 Cal. 589.)

By the COURT:

We are of opinion that when Ward received the possession of the growing crops under an agreement with the owner that he should gather them and apply them to the payment of the debt due to him, he thereby acquired a lien upon such crops and a right to their possession which was superior to that subsequently acquired by the plaintiff under the mortgage of October nineteenth, taken as it was with the notice of the rights of Ward. The judgment, however, which the defendant, Ward, obtained against the plaintiffs cannot be supported. The action is in replevin, and the subject matter of the litigation in such a case necessarily consists only of the property mentioned in the complaint, and it is not competent to the defendant, by his answer, to introduce a new and distinct subject matter of litigation by claiming of the plaintiff the release and return of other and distinct personal property, even though he present such a case as would have enabled him to recover in an independent action.

Judgment reversed and cause remanded with directions to render judgment in favor of the defendant as to the property mentioned in the complaint, and without regard to his counterclaim.