ABRAHAM ROTHSCHILD, Respondent, *v.* CLARENCE WHITMAN
et al., Appellants.

Plaintiff's complaint alleged in substance that defendants, without prob-
able cause, "wrongfully, unlawfully and maliciously begun an action"
against plaintiff and caused him to be arrested and imprisoned under
an order of arrest issued therein; that the order of arrest was vacated and
plaintiff was discharged on the ground that it "was illegal, unauthor-
ized, and that the court had no jurisdiction to grant the same." Two of
the defendants set up as a counter-claim that plaintiff, as the manager
of a certain firm, by fraud, deceit and false representations, induced
defendants to sell it goods on credit, knowing that the firm would and
could not pay; that after the receipt of said goods, the firm and plain-
tiff, with intent to cheat and defraud and in pursuance of their intent .
not to pay, secretly disposed of said goods; that the matters so alleged
constituted one of the causes of action for which the arrest complained
of was made, and that the order of arrest was vacated, not on the ground
that said allegations were untrue, but because of the misjoinder of
causes of action and parties. *Held*, that a demurrer to the answer was
properly sustained; that it did not, within the meaning of the Code of
Civil Procedure (§ 501), set forth facts constituting a cause of action
arising out of the transaction set forth in the complaint; nor was it con-
nected with the subject of the action, whether it was to be considered
as an action for false imprisonment or malicious prosecution; that the
complaint and answer set forth distinct and independent torts, with no
necessary or legal connection between them.
Reported below, 57 Hun, 135.

(Submitted March 22, 1892; decided April 26, 1892.)

APPEAL from order of the General Term of the Supreme
Court in the first judicial department, made June 6, 1890,
which reversed a judgment in favor of defendants entered
upon a decision of the court on trial at Special Term and sus-
tained a demurrer to a counter-claim pleaded by three of the
defendants.

The plaintiff alleged in his complaint that, on the 1st of
September, 1887, the defendants, "not having any just or prob-
able cause of action against the plaintiff, did * * * wrong-
fully, unlawfully and maliciously begin an action against"
him, and "did cause to be issued out of the Supreme Court

*  *  *  a certain alleged order of arrest" therein, and did cause him to be arrested thereunder and kept in custody for about a week, so that he was compelled to abandon his business and expend a large sum of money "in and about said arrest." He further alleged that afterwards, on his motion, the order of arrest was duly vacated "upon the ground that the same was illegal, unauthorized and that the court had not jurisdiction to grant the same,  *  *  *  and defendant discharged thereunder, and that said proceeding has been wholly and finally terminated in favor of the plaintiff and against the said defendants by final order of the said court."

The defendants Whitman and Creighton, after pleading certain defenses, alleged "for a further defense and by way of counter-claim," that the plaintiff, as the manager of a certain firm, induced them to sell it goods worth $2,790.23, on credit, knowing and intending that said firm "would not and could not" pay for the same, and that he effected said sale by fraud, deceit and false representations as to the financial standing of said firm ; that after the receipt of said goods and others of great value obtained in the same way from other persons, the plaintiff and said firm, "with intent to cheat and defraud their creditors, and in execution of their intention not to pay for" the same, secretly shipped them away and concealed, sold and otherwise disposed of the bulk thereof; that the plaintiff used the proceeds of the goods so obtained and disposed of to reopen one of the stores formerly occupied by said firm, and to conduct therein, under another name, a business of the same character that he had lately conducted as manager; that the defendants had no knowledge of the falsity of said representations, but relied upon the same and were deceived thereby to their damage in the sum of $2,790.23 ; "that the matters hereinbefore alleged constitute part of the grounds and one of the causes of action for which the arrest of the plaintiff, complained of in this action, was made, and the vacating of said arrest was not on the ground that said allegations were untrue, but because of a misjoinder of causes of action and parties."

By a separate answer the same facts were pleaded " by way of mitigation and defense."

The plaintiff demurred " to the alleged counter-claim," on the ground that " it does not constitute a cause of action arising out of the contract or transaction set forth in the complaint as the foundation of the plaintiff's claim, nor is it connected with the subject of the action."

The Special Term, in overruling the demurrer, held that if the complaint was for malicious prosecution, the counter-claim was properly pleaded; that if it was for false imprisonment, the counter-claim was not properly pleaded; that as the complaint was susceptible of either construction, the meaning least favorable to the pleader should be taken and that the plaintiff by alleging malice and want of probable cause was estopped from saying that there was no connection between the counter-claim and the subject of the action.

The General Term reversed upon the ground that the counter-claim was not connected with the subject of the action in any legal sense, and that it did not arise out of the same transaction.

*John S. Davenport* for appellants.    The counter-claim cause of action is " connected " with the subject of this action within the meaning of section 501 of the Code. (*Carpenter* v. *M. L. I. Co.*, 93 N. Y. 552; *G. & H. M. Co.* v. *Hall*, 61 id. 226.)    The plaintiff must prove affirmatively want of probable cause and malice. (*Anderson* v. *Howe*, 116 N. Y. 336.) This action is clearly for malicious prosecution. (*Marx* v. *Townsend*, 97 N. Y. 590–601.)    If the complaint is susceptible of two meanings, plaintiff must accept our election of that which is most unfavorable to his demurrer. (*Clark* v. *Dillon*, 97 N. Y. 370.)

*Otto Horwitz* for respondent.    A counter-claim must be connected with the subject of the action, or arise out of the transaction set forth as the foundation of the plaintiff's claim. (*Grange* v. *Gilbert*, 44 Hun, 9; *People* v. *Dennison*, 84 N.

Y. 272; *Edgerton* v. *Page*, 20 id. 281, 285; *Chamboret* v. *Cagney*, 10 Abb. Pr. [N. S.] 311; *Henry* v. *Henry*, 17 Abb. Pr. 411; *Schnaderbeck* v. *Worth*, 8 id. 37.)   A cause of action in tort cannot be set up as a counter-claim in another action in tort.  (*Campton* v. *Elliott*, 16 J. & S. 211; *Askins* v. *Hearn*, 3 Abb. Pr. 184.)  A demurrer admits only facts well pleaded, and not legal conclusions or inferences.  (*Masterson* v. *Townshend*, 123 N. Y. 461; *Bogardus* v. *N. Y. L. Ins. Co.*, 101 id. 337; *Bonnell* v. *Griswold*, 68 id. 294.)

VANN, J.   A counter-claim must tend in some way to defeat or diminish the plaintiff's recovery, and must be either (1) a cause of action arising out of the contract or transaction set forth in the complaint as the foundation of the plaintiff's claim, or connected with the subject of the action, or (2) in an action on contract, any other cause of action on contract existing at the commencement of the action.  (Code Civ. Pro. § 501.). The counter-claim in question is a cause of action tending to· diminish the plaintiff's recovery, and to that extent, conforms; to the requirements of the statute.   As this is not an action on contract, before we can determine that the counter-claim should. stand as a pleading, we must ascertain whether it arose out of the transaction set forth in the complaint, and if it did not,. whether it is connected with the subject of the action within the meaning of the Code.   What is the transaction set forth. in the complaint as the foundation of the plaintiff's claim ?   It is the commencement of an action against him, with malice· and without probable cause, and his arrest therein under process that was afterwards set aside as illegal.   What is the counter-claim ?   A cause of action for damages caused by deceit in the purchase of goods on credit.   The deceit was· practiced and the goods obtained in January, 1887, while the· action was commenced and the arrest made in the following· September.

While the deceit was the inducement to the action and' arrest, it arose out of neither, because it preceded both and existed independently of both.   Although it was the alleged

ground of the action and arrest, it was not the cause of either, but was rather the pretext or ostensible reason. A groundless and malicious prosecution is caused by the act of commencing the action, not by the reasons given for commencing it. An illegal arrest, such as that in question, is caused by the issuing and service of the order of arrest, not by the facts recited therein. There is no relation of cause and effect between an illegal act, or the determination to do one, and the excuse alleged for doing it. We think that the claim and counter-claim did not arise out of the same transaction, and that the plaintiff's claim rests upon an entirely different foundation from the defendants' counter-claim. Each was a separate and distinct wrong and a transaction by itself.

The question remains whether the counter-claim was connected with the subject of the action, or in other words, with the facts constituting the plaintiff's cause of action. (*Chamboret* v. *Cagney*, 2 Sweeney, 378 ; *Lehmair* v. *Griswold*, 8 J. & S. 100.)

The complaint and answer set forth independent torts, differing radically in nature and committed upon occasions widely separated. Whether the subject of the action is malicious prosecution, or false imprisonment, it is distinct and independent of the claim of the defendants. There is no necessary or legal connection between the two. It is not like an action for converting wood and a counter-claim for waste in cutting the same wood (*Carpenter* v. *Manhattan Life Ins. Co.*, 93 N. Y. 552), or where certain goods are the subject of the action and a claim is made for the value of the same goods (*Thompson* v. *Kessel*, 30 N. Y. 383), or where a mutual claim is made to a trade-mark (*Glen & Hall Mfg. Co.* v. *Hall*, 61 N. Y. 226).

On the contrary the effort is here made to set up one tort committed in January against another committed in September, the one being for an injury to property and the other for an injury to the person. The circumstance that the deceit which constituted the former was the pretext or excuse for perpetrating the latter, establishes no such connection as to satisfy the statute, any more than if A. slanders B. on the

Fourth of July and B. thrashes him for it at Christmas. (*Schnaderbeck* v. *Worth*, 8 Abb. Pr. 37 ; *Fellerman* v. *Dolan*, 7 id. 395 ; *Askins* v. *Hearns*, 3 id. 184, 187.)

The judgment should be affirmed, with costs, with leave to the defendants to amend their answer within twenty days, upon the payment of costs.

All concur.

Judgment affirmed.