# Simpson v. Golden.

*Action on a Promissory Note.*

1. *Pleading and practice; review on appeal of finding of trial court.* Where in an action at law, the trial is had by the court without the intervention of a jury, and the evidence aduced is partly or wholly oral, the court's finding of the facts and the judgment thereon will not be disturbed by the appellate court, unless such finding is clearly erroneous.

2. *Same; new trial on ground of surprise.*—Before a party to a suit at law is entitled to a new trial upon the ground of being taken by

surprise by some of the evidence adduced by the other party, he should move a continuance of the case, in order that he may have an opportunity to meet such unexpected evidence; and where, without moving for such a continuance or postponement, he proceeds voluntarily with the trial, he can not, after judgment is rendered against him, be granted a new trial on the ground of such alleged surprise.

3. *Same; same; newly discovered evidence.*—A motion for a new trial based upon newly discovered evidence, which does not negative fault on the mover's part in failing to discover such evidence before the trial, is fatally defective and properly overruled.

APPEAL from the City Court of Birmingham.

Tried before the Hon. H. A. SHARPE.

This was an action brought by the appellee, W. R. Golden, against the appellant, E. H. Simpson, in the city court of Birmingham, and counted upon a negotiable promissory note executed by the defendant, and payable to the order of "W. W. Achison, President." Achison was the president of the Sylacauga Land Company.

The defendant filed several pleas. In the first, second and third pleas he denied that the note was properly indorsed to the plaintiff. The fourth plea was a plea of the general issue, denying all the allegations of the complaint; and the fifth plea was a plea of payment. The sixth plea was as follows: "The defendant denies that plaintiff is the owner of said note as alleged in said complaint." The seventh plea was as follows: "The defendant denies that said note was indorsed to plaintiff as the owner thereof, and that said plaintiff was the owner thereof at the commencement of this suit." To the sixth and seventh pleas the plaintiff demurred upon the grounds, (1), that it appears from the complaint, that the note sued on is commercial paper, and hence ownership is not necessary to maintain an action; (2), said pleas did not deny that the plaintiff has a legal title to said note, and hence are no answer to the complaint; and, (3), that indorsement of the note by the payee is admitted by the pleas, and hence the pleas are no answer to the action. This demurrer was sustained, to which ruling the defendant duly excepted. The tendency of the evidence is sufficiently stated in the opinion.

The cause was tried by the court without the intervention of a jury, and upon the hearing of all the evi-

22

[Simpson v. Golden.]

dence, judgment was rendered in favor of the plaintiff. Subsequently the defendant made a motion for a new trial upon the following grounds : 1. The defendant was taken by surprise by the testimony of Golden as to the manner he held said note, and could not be prepared at said trial to controvert Golden's testimony ; but since the trial he had discovered that Golden had no judgment against the Sylacauga Land Company, the alleged indebtedness of said company was controverted by it, and it is claimed that Golden was in its debt. That W. W. Achison and E. E. G. Roberts, directors and officers of said company, would testify that the company was not indebted to Golden, but that since he left its employment he was largely indebted to it. Roberts would further testify that he never heard of said note being placed as collateral with Golden.

2d. The defendant and his counsel were taken by surprise in that they did not deem that the testimony of Golden showed the company had placed the same with Golden as collateral security for the debt due and to become due ; and that all defendant knew was that the note had been indorsed by Achison, president of said company, to Golden, and was held by him. But defendant knew also that Golden was general manager of the company and regarded his holding to be for the company.

3d. Because the judgment is contrary to the evidence.

4th. Because the judgment is contrary to the law.

5th. Because the judgment is contrary to the law and the evidence. This motion was overruled and the defendant duly excepted.

The defendant appeals, and assigns as error the several rulings of the trial court to which exceptions were reserved.

MOUNTJOY & TOMLINSON, for appellant.—1. There should have been a new trial granted defendant. A material fact was the alleged indebtedness of the Sylacauga Land Company to Golden. Golden testified that the company was indebted to him in a greater amount than the Simpson note, which he claimed as collateral. The affidavits introduced on the motion for a new trial show that this is a controverted fact; a number of witnesses mentioned in the affidavits being ready to

[Simpson v. Golden.]

swear that Golden was indebted to the company and not the company to Golden. All this testimony was discovered by the defendant after the close of the trial. It would have been no use for him to have asked for a continuance. Merely to have asked for a continuance for the purpose of looking up the testimony to controvert Golden's testimony would have been useless. The court would not have granted it. Nor was the defendant apprised by the pleading that the question of indebtedness of the Sylacauga Land Company to Golden would become material, as the complaint imported not a transfer as collateral security but an absolute transfer. Clearly there should have been a new trial granted the defendant.

CABANISS & WEAKLEY, *contra.*—1. The case having been tried by the judge of the city court, without a jury, and the evidence not being altogether by deposition, this court will not reverse the judgment if a jury's verdict found upon the same evidence would not be set aside.—*Woodrow v. Hawving*, 105 Ala. 241. A mere conflict in evidence will not justify setting aside a jury's verdict.—*Holloway v. Harper*, 108 Ala. 647.

2. A new trial will not be granted for surprise or accident, unless it appears that the party, upon discovering his situation, asked for a postponement or continuance. He cannot speculate upon the chances of success, with the evidence then before the court, and after losing have another trial, upon the ground of surprise.—*Hoskins v. Hight*, 95 Ala. 284; *Barron v. Robinson*, 98 Ala. 351. A new trial will not be granted for newly discovered evidence, unless it is shown what diligence had been unavailingly used before the trial to discover the testimony. It will certainly not be granted when no efforts whatever to discover the evidence are shown.—*McLeod v. Shelby Manfg Co.*, 108 Ala. 81; *Jones v. Williams*, 108 Ala. 282.

McCLELLAN, J.—If there was error in sustaining the demurrer to pleas 6 and 7, it did not prejudice the defendant, since he had the full benefit of the matter laid in these pleas under other pleas.

The evidence for the plaintiff tended to show that he held the note sued on as collateral security, the legal title being in him by indorsement of the payee; and also that the defendant had "actual notice of his title and

ownership before the payment made by him to Achison." The evidence for defendant tended to show that plaintiff held the note as general manager of, and for the Land Co. to which it was made, so that payment to Achison for the company was well made. The testimony on the issue of efficacious payment *vel non* was that of plaintiff for himself and of Achison for defendant. Plaintiff's testimony was given *ore tenus*, Achison's by deposition. The trial was without jury, the city judge finding for plaintiff, and judgment being entered accordingly. On this state of case, we will not disturb the conclusion of the trial judge. His opportunity to reach a correct result was better than ours is ; and, to say the least, his finding is not clearly erroneous.—*Woodrow v. Hawving*, 105 Ala. 241.

If defendant was surprised by the testimony of Golden to the effect that the Land Co. owed him and that the note was indorsed to him as collateral to his debt, he should have moved a continuance of the case or postponement of the trial that he might have opportunity to meet this unexpected evidence. We cannot assume the trial court would not have granted any seasonable request or motion looking to such opportunity, if reasonably satisfied that this testimony of Golden was of a nature to surprise defendant and put him at a disadvantage. The defendant having failed to move a continuance or postponement, and proceeded voluntarily with the trial, he was in no position, after the case was decided against him, to ask for a new trial on the ground of such alleged surprise. Having speculated upon the chances of a favorable result upon the evidence then before the court, and lost, he cannot now demand another trial that he may introduce other evidence not available to him on the first trial.—*Hoskins v. Hight*, 95 Ala. 284 ; *Barron v. Robinson*, 98 Ala. 351.

So far as the motion for a new trial is based upon newly discovered evidence, it is fatally defective for not negativing fault on defendant's part in failing to discover such evidence before the trial.—*McLeod v. Shelby Manufacturing & Improvement Co.*, 108 Ala. 81.

Affirmed.