## McCANTS v. THOMPSON.

No. 687.    Opinion Filed January 10, 1911.

1. . PLEADING—Variance—Estoppel to Complain.  T. sued M. for the conversion of 1,500 cross-ties. M. having moved the court to require T. to make his petition more definite and certain, T. was thereby caused to insert therein the following clause, to wit: "* * * by his then and there taking them and sawing off the ends of them, and by pounding with an ax or hammer the said marks off of the ends of them, and then and there painting the said changed ends of them red * * *" On the trial the evidence tended to show that the ends of the ties had neither been sawed nor cut off, but that the brands or marks had been allowed to remain, and red paint daubed over the same. M. complaining of a variance, held that, M. having caused such unnecessary allegation to be inserted in T.'s petition, he cannot now be heard to assign as error such alleged variance in the proof.

2. NEW TRIAL—Grounds—Surprise—Newly Discovered Evidence-Sufficiency of Showing.  (a) A party surprised during a trial, upon discovery of a mistake that will prejudice his interest, should immediately move for continuance or for such delay as would permit him to properly meet the issue.

    (b) He will not be permitted to speculate upon the verdict of the jury and afterwards, for the first time, in his motion for new trial raise the question of surprise.

    (c) To be entitled to a new trial on the ground of newly discovered evidence, the motion should set forth the names and place of residence of the witnesses, what they would testify to, and be accompanied by the affidavits of said witnesses or give a sufficient reason for not producing same; facts must also be set out showing diligence and negativing fault on the part of the movant.

3. EVIDENCE—Oral Proof of Accounts.  Oral proof as to the number of ties bought, though account of such ties is kept on books in due course of business, is admissible, without laying any predicate as to said books.

(Syllabus by the Court.)

*Error from Oklahoma County Court; Sam Hooker, Judge.*

Action by W. L. Thompson against Joseph R. McCants. Judgment for plaintiff, and defendant brings error. Affirmed.

*J. H. Shirk* and *T. G. Cutler*, for plaintiff in error.

WILLIAMS, J. 1. The defendant in error, as plaintiff, commenced an action on April 8, 1907, in the probate court of Oklahoma county against the plaintiff in error, as defendant, to recover the value of 1,500 cross-ties, of the value of 40 cents each, the property of the plaintiff, alleged to have been converted on or about the 3rd day of April, 1907, by defendant to his use. Thereafter defendant moved that plaintiff be required to make his petition more definite and certain. The motion was sustained. Plaintiff filed an amended petition, alleging in part as follows:

"* * * The said plaintiff on the first (1st) day of May, 1905, and during the two years since then preceding the filing of this suit, and on that and those days during the last preceding two years, which plaintiff is unable to more definitely state, was the owner of and was lawfully possessed in the Seminole Nation, Indian Territory, near Lima Station on the Rock Island Railroad, and at other places therein, of certain goods and chattels, to wit: Said fifteen hundred (1500) cross-ties afterward, on the said first (1st) day of May, 1905, and at divers times during the two years since then, came to the possession of the said defendant by his then and there taking them and sawing off the ends of them, and by pounding with an ax or hammer the said marks off of the ends of them, and then and there painting the said changed ends of them red, and by other devices changing the said marks 'T' and 'H' with a circle around it at the ends of said fifteen hundred cross-ties; * * * *"

It was not necessary to allege the manner in which the marks were effaced from said ties. (*Wilson v. Chambers,* Croke, Car. 262, 79 Eng. Rep. Full Reprint, 828.) That was not descriptive of the ties, but pleading a part of the evidence tending to establish the identity of the same. Concede, however, that it was descriptive: the fact that the evidence did not tend to show that the ends of the ties alleged to have been taken were "sawed off, chopped off or hammered off, so as to disfigure and efface the marks or brand of the plaintiff," but tended to show that the ends of the ties had neither been sawed, cut, nor pounded out, and that the original marks or brands had been allowed to re-

main, and red paint daubed over the same, will not operate as reversible error under this record. For this unnecessary allegation was made at the instance of defendant. Having induced the lower court to require such amendment as he was not entitled to, he will not be permitted to profit in this court on account of an erroneous ruling induced by him in the lower court. *Moore v. Atchison, T. & S. F. R. Co.*, 26 Okla. 682, 110 Pac. 1059.

Where a tort is averred and the substance of the allegation is proved, a variance is not material if the opposite party is not misled. (22 Ency. P. & P., p. 566, footnote 1.) As a rule, in such actions no fatal or material variance occurs by proof of a part only of the allegations of the pleading, provided that what is proved affords a ground for maintaining the action and corresponds with the allegation that regard. (*Id.*, p. 568, footnote 1.) But, in view of the conclusion hereinbefore reached, it is not essential to determine as to whether, under the record, there was a fatal variance under sections 5673 and 5674, Comp. Laws 1909 (secs. 4011 and 4012, Stat. Okla. Ter. 1893).

2. The defendant claims that he is entitled to a new trial on the ground of surprise, in that plaintiff's petition alleges that the brand of certain cross-ties therein sued for had been hammered or pounded out or entirely removed by sawing the ends of said cross-ties off, when the proof offered by plaintiff tended to show that the mark and brand still remains and that same had been daubed over by red paint by defendant. The first duty of a party, surprised at the trial, upon the discovery of a mistake that will prejudice his interest, is to take proper legal step to continue or delay the cause. He cannot neglect this duty in the hope of securing a verdict in spite of such surprise and then obtain a new trial. *Shipp v. Suggett*, 48 Ky. p. 5 (9 B. Monroe, p. 5; *Simpson v. Golden*, 114 Ala. 336, 21 So. 990; *Haskins v. Hight*, 95 Ala. 284, 11 So. 283, and authorities therein cited. The defendant, having failed to comply with this rule, is not entitled to a new trial on such ground.

"To entitle the party to a new trial on the ground of newly discovered evidence, the motion should set forth the names of the

witnesses who would testify to the alleged new matter and be accompained by affidavit and facts to show diligence to secure said witnesses and that the evidence by reasonable diligence could not have been discovered before the trial." (*Huster v. Wynn*, 8 Okla. 569, 58 Pac. 736; *B. S. Flersheim Mer. Co. v. Gillespie*, 14 Okla. 143.) Such evidence must not be cumulative merely. *McLeod v. Shelby Mfg. & Imp. Co.*, 108 Ala. 81, 19 So. 326; *Huster v. Wynn*, *supra*. It must appear further that due diligence had been exercised by the movant to discover the same in time and negative fault on the part of such movant. *McLeod v. Shelly Mfg. & Imp. Co.*, *supra; Jernigan v. Clark*, 134 Ala. 313, 32 So. 686. General averments as to due diligence are not sufficient. The facts should be set out and negative fault on the part of movant. *McLeod v. Shelly Mfg. & Imp. Co.*, 108 Ala. 81, 19 So. 326; *Simpson v. Golden*, *supra; The Bayonne Knife Co. v. Umbenhauer*, 107 Ala. 496, 18 So. 175. A new trial should not be granted on newly discovered evidence unless such evidence, if before the jury, ought to have changed the verdict. *Schlaff v. Louisville & Nashville R. R. Co.*, 100 Ala. 377, 14 So. 105.

The allegation in the motion for new trial is as follows: "Because of newly discovered evidence, material for the defendant, which was unknown to the defendant at the time of the trial and which could not, with reasonable diligence, have been discovered and produced at the trial." This states conclusions only, and not facts upon which the conclusions are based. This is essential. The facts set out in the affidavits in support of the motion for a new trial appear to have been known to the defendant at the time of the trial. If he was surprised, he should have asked for a continuance or delay of the case, in order to properly make his defense. We cannot say that the trial court erred in refusing to grant a new trial on account of surprise or newly discovered evidence.

It is asserted that the court erred in permitting the plaintiff to offer the evidence of the witness, Westfall, as to his best recollection, independent of the entries of the book account, as to the

number of ties handled, shipped, etc., without offering the books or showing their loss, as the books were the best evidence. This contention is without merit. *Bushnell v. Simpson*, 119 Cal. 658, 51 Pac. 1080; *Conklin v. Stamler*, 8 Abb. Pr. 400; *Merrill v. I. & O. R. Co.*, 16 Wend. 586; *Nichols v. Haynes*, 78 Pa. St. 176; Wigmore on Evidence (1904), vol. 2, sec. 1560, pp. 1915, 1917.

Neither has any brief been filed nor appearance made in this court on the part of the defendant in error. This should have been done. If he was too poor to pay for printing a brief, on application he would have been permitted to file typewritten briefs. It is the duty of litigants to aid this court in facilitating its business.

The judgment of the lower court is affirmed.

All the Justices concur.