## EGGLESTON *et ux*. v. WILLIAMS.

No. 1177.   Opinion Filed November 14, 1911.

(120 Pac. 944.)

1.  **NEW TRIAL—Proceedings to Procure—Time for Motion—Effect of Delay.**   Section 5827, Comp. Laws 1909, provides that motion for new trial must be made within three days after the verdict or decision was rendered, unless unavoidably prevented, except in the case of newly discovered evidence, material for the party applying, which he could not, with reasonable diligence, have discovered and produced at the trial.   Therefore, in the absence of any excuse, a motion for a new trial, filed more than three days after the decision in a case was made, will not be considered by the trial court, and no error will be committed in overruling the same.

2.  **APPEAL AND ERROR — Presentation of Questions in Lower Court—Motion for New Trial—Necessity.**   This court will not review the rulings of a lower court made in the course of the trial, unless a motion for a new trial, based upon such alleged errors, had been duly presented to the lower court, and an opportunity thereby to re-examine and correct them has been given to such court.

3.  **NEW TRIAL—Motion—Time.**   The case-made shows that judgment was entered on March 19th, and a bare recital follows stating

that a motion for a new trial was filed, presented, and overruled on March 23d. No. copy of the motion is to be found in the case-made. **Held** that, even though a motion for a new trial had been presented, it affirmatively appears that it was not filed within the three days as required by statute, and in the absence of any excuse as to why it had not been so filed, error assigned on account of the overruling of the same by the trial court will not be considered by this court.

4. **PLEADING—Covenants—Form of Action—Sufficiency of Pleadings.** Common-law forms of actions have been abolished by statute in this state; but common-law causes of action have not been abolished. Under the Code the plaintiff need only state the facts constituting his cause of action in ordinary and concise language without repetition. The petition in this case examined, and held to be sufficient as against a general demurrer.

(Syllabus by Robertson, C.)

*Error from District Court, Muskogee County; John H. King, Judge.*

Action by James A. Williams against Robert N. Eggleston and wife to recover on a breach of warranty. Judgment for plaintiff, and defendants bring error. Affirmed.

*Enloe V. Vernor,* for plaintiffs in error.

*N. B. Maxey* and *Chas. F. Runyan,* for defendant in error.

Opinion by ROBERTSON, C. On March 16, 1907, the defendant in error, Williams, commenced an action against Robert N. and Blanche G. Eggleston, plaintiffs in error, in the United States Court for the Western District of Indian Territory, to recover $561.95 and interest, alleged to be due him on account of a breach of warranty of title to lots 4 and 5, in block 3, in the town of Chase, in said Indian Territory. A general demurrer to the sufficiency of the complaint was interposed by the Egglestons, which was overruled by the court, and thereafter answer was filed and trial was had in the district court of Muskogee county, which resulted in a judgment entered on March 19, 1909, in favor of the plaintiff, in the sum of $721.30, with interest at 6 per cent. per annum from said date. To reverse this judgment, Eggleston and wife bring this appeal, and urge many reasons in support of their claims. All the alleged errors, except

Opinion, of the Court.

the overruling of the general demurrer to the complaint, occurred at the trial, and could only be reviewed by the trial court on timely notice for new trial.

On page 60 of the case-made is found the following statement:

"And thereafter, on the 23d day of March, 1909, the defendants filed their motion for a new trial, which motion was by the court, on March 27, 1909, overruled, to which ruling the defendants excepted."

At no other place in the record is there any reference to a motion for a new trial. Nor is there a copy of any such motion in the record before us. The rule is well settled that a motion for a new trial, in order to be considered by the trial court, must be filed within three days from the date of the judgment.

This was not done in this case, as judgment was entered on the 19th day of March, and, according to the bare statement in the case-made (which is not sufficient, however), the motion was not presented until the 23d day of March. Hence it affirmatively appears that no motion for a new trial was filed in this case as required by statute.

In a very able opinion, Mr. Chief Justice Turner, speaking for our Supreme Court, in *Joiner v. Goldsmith,* 25 Okla. 840, 107 Pac. 733, in discussing this identical question, said:

"After amended answer and reply, there was a trial by jury, which on March 16, 1906, resulted in a verdict and judgment for plaintiff and against defendant for said sum, with interest and costs. On March 20, 1906, or four days later, defendant filed his motion for a new trial, which was overruled. Defendant brings the case here, and assigns for error that the court erred in overruling his motion for new trial. But we cannot consider it, for the reason that the motion was filed out of time. Comp. Laws 1909, section 5827, requiring that the motion be filed within three days after the verdict, is mandatory, and, in the absence of a showing that the party filing it has been unavoidably prevented from filing it within the time specified by the statute, this court cannot consider it or review the errors occurring upon the trial."

See, also, in support of this, *U. S. ex rel. v. C. O. & G. R. R. Co.,* 3 Okla. 404, 41 Pac. 729; *Ryland v. Coyle et al.,* 7 Okla. 226,

54 Pac. 456, and the cases there cited.

Therefore, said motion not having been filed in time, the trial court did not err in overruling the same. It is a well-settled rule that this court will not review the rulings of a lower court made in the course of a trial, unless a motion for a new trial, based upon such alleged errors, has been duly made in the trial court, and an opportunity thereby to re-examine and correct them has been given to such court. *Kuhlman v. Williams,* 1 Okla. 136, 28 Pac. 867; *DeBerry v. Smith,* 2 Okla. 1, 35 Pac. 578; *Carson v. Butt,* 4 Okla. 133, 46 Pac. 596; *Hardwick v. Atkinson,* 8 Okla. 608, 58 Pac. 747; *Beberstein v. Territory,* 8 Okla. 467, 58 Pac. 641; *Boyd v. Bryan,* 11 Okla. 56, 65 Pac. 940; *Osborne & Co. v. Case,* 11 Okla. 479, 69 Pac. 263; *Menten v. Shuttee,* 11 Okla. 381, 67 Pac! 478; *S. W. Cottonseed Oil Co. v. Bank,* 12 Okla. 168, 70 Pac. 205; *Glaser v. Glaser,* 13 Okla. 389, 74 Pac. 944.

This, therefore, leaves for our consideration but one question, viz., the sufficiency of the complaint as challenged by the general demurrer. The complaint, which is quite lengthy, states, in substance: That on the 24th day of June, 1904, the defendants Eggleston conveyed, by general warranty deed, to Fred O. Ayers, lots 3, 4, and 5, in block 3, in the town of Chase. Said deed contained the usual statutory covenants of warranty. That thereafter, on October 22, 1906, said Ayers and his wife conveyed by general warranty deed to this plaintiff, James A. Williams, lots 4 and 5, in block 3, in the town of Chase, said deed also containing the usual statutory covenants of warranty; that thereafter, on January 4, 1907, said Eggleston and wife conveyed by warranty deed the same lots conveyed to Fred O. Ayers, in June 24, 1904, to J. T. Newbold, but described them as lots 7 and 8, in block 3, instead of 4 and 5, in block 3, and the said Newbold and his wife thereafter evicted plaintiff from the possession thereof; that the consideration mentioned in the deed of June 24, 1904, from Eggleston to Ayers, was $561.95, which was actually paid to Eggleston by Ayers, and that, by reason of the covenants of warranty in said deed from said Eggleston and wife to the said Ayers, the grantor of plaintiff, and the sub-

sequent eviction of plaintiff by Newbold, there is a breach of said warranty, and said defendants, Eggleston and wife, had become and are liable to the plaintiff in damages in the sum of $561.95, with interest thereon at the rate of 6 per cent. per annum, from the date of eviction, to wit, June 24, 1907.

Plaintiffs in error admit on page 5 of their brief that the complaint states an equitable cause of action, but complain that it does not state a cause of action for breach of warranty, and that Williams is seeking to recover as in assumpsit for money had and received. This objection might have been good prior to the adoption of our Code, for at common law a cause of action was required to be stated in a certain form with technical precision, but under the statute the substance and not the form is required; yet the statute requires every pleader to allege everything that is necessary to show that he is entitled to the relief sought. Every fact necessary to be proven to entitle plaintiff to recover must be alleged in the petition. The common-law forms of actions have been abolished by statute, but, of course, the statute did not abolish the common-law causes of action, but only abolished their forms and grouped them all under one head, so that under the Code the plaintiff need only state the facts constituting the cause of action in ordinary and concise language without repetition. In our opinion, the petition herein, with its exhibits, which are a part thereof, fairly and concisely states a cause of action under the Code. The plaintiff alleges a breach of warranty on the part of Eggleston in that he sold lots 3, 4, and 5 to Ayers, and thereafter changed the numbers of lots 4 and 5 to 7 and 8, and sold them to another, who under the last deed took possession and evicted the plaintiff in this case, who was the grantee of Ayers. Eggleston warranted the title of these lots to Ayers, but subsequently sold the identical lots under a different description to Newbold, and Newbold evicted Williams. If this does not plainly and concisely state a cause of action against Eggleston, and his wife, in damages, and in favor of plaintiff, it would be hard to conceive of a case

that did. . The demurrer should have been overruled and the action of the court in so doing was right.

The judgment, therefore, of the district court of Muskogee county should be affirmed.

By the Court: It is so ordered.

All the Justices concur.