**ROCK et al. v. CRAIG & OSBORNE.**

No. 11214—Opinion Filed May 25, 1920.

(Syllabus by the Court.)

**1. New Trial—Requisite Showing—Newly Discovered Evidence.**

Unless motion for new trial is filed within three days as provided by section 5035, Rev. Laws 1910, and it is on the ground of newly discovered evidence, it must be supported by affidavit making prima facie showing that the newly discovered evidence will probably change the result of the trial and is such evidence as was discovered since the trial and which could not have been discovered prior to the trial through the exercise of due diligence.

**2. Same.**

To entitle the losing party to a new trial on the ground of newly discovered evidence, the motion should set forth the name and place of residence of the witness, what he would testify to, and be accompanied by the affidavit of such witness, or a sufficient showing of the reason for failure to produce such affidavit.

**3. New Trial—Surprise.**

A party to a suit will not be permitted to speculate on the verdict of the jury and afterwards, for the first time, in his motion for new trial, raise the question of surprise.

**4. Same—Newly Discovered Evidence—Diligence.**

Where the record makes a prima facie showing that the plaintiff knew the defense to be offered and the basis of the counterclaim filed, and had control of the testimony which might be used to meet the defense offered and the counterclaim set up, he cannot successfully urge such unoffered testimony as newly discovered evidence on a motion for new trial, without a satisfactory showing of the reason for failure to produce such testimony at the trial, and reasonable diligence will not, under such circumstances, be presumed.

Error from District Court, Mayes County; E. B. Arnold, Judge.

Action by Chas. F. Rock against C. R. Craig and J. L. Osborne, a partnership, doing business under the firm name and style of Craig & Osborne, and the Thomas Milling Company for damages for breach of contract. Judgment for Craig & Osborne, and the other parties bring error. Dismissed.

Graves & Seaton, for plaintiffs in error.

W. W. Powell and Forrester Brewster, for defendants in error.

KANE, J. The plaintiff, Charles F. Rock, a resident of Kansas City, Mo., is represented to be the attorney in fact of the Millers' Exchange. The Thomas Milling Company, of Weatherford, Okla., a subscriber of this organization, through its agent, S. W. Haines, on July 19, 1917, contracted in writing to sell and deliver to the defendants, Craig & Osborne, at Strang, Mayes county, Okla., 100 barrels of Ben-Hur flour at $11 per barrel, subject to change in specification by the buyer; shipment to be made within 20 days from date of sale. After considerable negotiations between the parties to the contract, the order was finally refused by the buyers and, on November 9, 1917, canceled by the Thomas Milling Company. Claim of the Thomas Milling Company for $90 damages was assigned to the plaintiff, Charles F. Rock, and a suit thereon was filed by him before a justice of the peace in the city of Pryor, Mayes county, Okla. Upon motion of defendants, Craig & Osborne, the Thomas Milling Company was made additional party defendant. Cross-bill was filed by Craig & Osborne, alleging damages for breach of contract, and judgment was rendered for them against the plaintiff Rock and the Thomas Milling Company from which an appeal was prosecuted to the district court, where the case was tried to a jury and verdict returned for the defendants Craig & Osborne, and judgment entered thereon for the sum of $180 on March 28, 1919.

The defense offered by Craig & Osborne was that the seller had breached the contract by refusal to deliver the flour when advised that the flour had been resold to C. G. Wallace at Locust Grove and that it should either be shipped direct to Locust Grove or to Strang to be reshipped to Wallace at Locust Grove.

The ground of the cross-claim was that the seller had damaged the buyer in that flour had declined in price after the refusal of the seller to deliver.

Defendants in error Craig & Osborne have filed a motion to dismiss the appeal on the ground that the motion of Rock and the Thomas Milling Company for new trial, filed May 2, 1919, 35 days after the entry of judgment, was filed out of time. This motion to dismiss is not controverted.

The motion for new trial contains the following affidavit of Charles F. Rock:

"Chas. F. Rock, of lawful age, being first duly sworn on oath, says: that he is the plaintiff above named and that one S. W. Haines was the salesman who sold the flour and brand in controversy and that it will be possible to have the said S. W. Haines present at a new trial of said cause; that if the said Haines were present at said trial he would swear that said products were sold with the understanding and agreement that

they were only to be sold at point of shipment, to wit: at Strang. Oklahoma, and were not to be shipped elsewhere in the state of Oklahoma; that said fact as to shipment was well known and understood by all parties to said sale; that the said defendants well knew and understood that said products were to be sold in Strang, Oklahoma. That they knew the custom of said milling company to only sell to one customer in a town or city and that the said Haines would so testify otherwise than that said products were to be sold by them in Strang, Oklahoma, and had no reason to believe that they would testify that said Haines did not advise them that said products could not be sold by them at any other place than at Strang, Oklahoma."

The contract, which appears to have been on one of the salesman's forms and which is styled "Uniform Sales Contract," contains this stipulation:

"It is understood that this contract contains all of the agreements between the parties and no modifications thereof after the same have been confirmed, will be valid, except by mutual consent of the parties, in writing."

The only exception made by section 5035, Rev. Laws 1910, for the failure to file motion for new trial within three days after the verdict, report, or decision is rendered, relied on by appellants, is "newly discovered evidence, material for the party applying, which he could not, with reasonable diligence have discovered and produced at the trial." This section is mandatory. Powelson v. State, 69 Oklahoma, 169 Pac. 1093; Joiner v. Goldsmith, 25 Okla. 840, 107 Pac. 733 .

Section 5036, Rev. Laws 1910, requires that a motion for new trial on the ground of newly discovered evidence, which attempts to come within the exception to the three-day rule, must be sustained by affidavits showing the truth of the facts alleged.

To relieve the necessity of filing motion for new trial within three days after judgment, there must be presented by motion and supported by affidavit a prima facie showing of newly discovered evidence which will probably change the result of the trial, and it must be shown that such testimony was discovered since the trial and could not have been discovered prior to the trial through the exercise of due diligence. Eskridge v. Taylor, 75 Okla. 139, 182 Pac. 516; City of Ada v. Smith, 73 Oklahoma, 175 Pac. 924; Herring v. Hodd, 55 Okla. 737, 155 Pac. 253; Eggleston v. Williams, 30 Okla. 129, 120 Pac. 944; Wiers v. Treese, 27 Okla. 744, 117 Pac. 182; McCants v. Thompson, 27 Okla. 906, 115 Pac. 600; Hobbs v. Smith, 27 Okla. 830, 115 Pac. 347.

For plaintiffs in error to be entitled to a new trial on the ground of newly discovered evidence, the motion should set forth the name and place of residence of the witness, what he would testify to, and be accompanied by the affidavit of said witness, or a sufficient reason should be given for not producing the affidavit. Eskridge v. Taylor, supra; McCants v. Thompson, supra; Hobbs v. Smith, supra; Huster v. Wynn, 8 Okla. 569, 58 Pac. 736.

Movants urge that the record shows prima facie that the evidence urged as newly discovered evidence could with diligence have been produced at the trial. In this we think they are correct.

The depositions shown by the record to have been taken for the trial before a justice of the peace show that both the plaintiff, Rock, and the defendant the Thomas Milling company were familiar with the facts urged by Craig & Osborne as a defense to the plaintiff's action. Chas. F. Rock, in his deposition, page 28 of the record, submitted as an exhibit a letter from Craig & Osborne stating that they offered to take the car of flour and that they had it resold to C. G. Wallace, of Locust Grove, Okla. Attached to the deposition of S. D. Hayworth, secretary and manager of the Thomas Milling company, page 52 of the record, is the following letter from Craig & Osborne:

"I am writing you in regard to the car of flour you claim I never offered to take. I called Mr. Haines over the phone and told him to ship this car of flour to Locust Grove to C. G. Wallace. He refused to do so, and I told him to ship it to me and I would reship it and he said he could not ship this all to be sold in Locust Grove. So I give up handling it at all and told him that over the phone. Now if you see fit to sue me as you say you will just go ahead as I have done my part in this matter. I would like to do business with you in a friendly way if I could as I all way try to do business on the square. So let me hear from you in regard to this matter."

Both Rock and the Thomas Milling company, therefore, knew even prior to the trial before the justice of the peace that Craig & Osborne were relying as a defense on the resale of the flour, the thing concerning which the losing parties asked to introduce further testimony on the ground of newly discovered evidence.

The witness Haines was in the employ of the Thomas Milling company at the time the flour was sold, and there is no evidence showing that he was not in the employ of this company at the time of the trial or that he could not have been present.

There was no motion for continuance on the ground that his testimony was necessary in the case.

In McCants v. Thompson, supra, we held that a party to a suit will not be permitted

to speculate on the verdict of the jury and afterwards for the first time in his motion for new trial raise the question of surprise.

Where the record, as here, makes a prima facie showing that the plaintiff well knew the defense to be offered and the basis of the counterclaim filed and had control of the testimony which might be used to meet the defense offered and the counterclaim set up, he cannot successfully ·urge such unoffered testimony as newly discovered evidence on a motion for new trial, without a satisfactory showing of the reason for failure to produce such testimony at the trial, and reasonable diligence will not, under such circumstances, be presumed. Eskridge v. Taylor, supra; City of Ada v. Smith, supra; McCants v. Thompson, supra; Hobbs v. Smith, supra.

For the reasons stated, the appeal is dismissed.

RAINEY, C. J., HARRISON, V. C. J., and PITCHFORD, JOHNSON, · and McNEILL. JJ., concur.