(101 South. 589)
## BANK OF ODENVILLE v. HANNAH et al.
### (7 Div. 510.)

(Supreme Court of Alabama.  Oct. 16, 1924.)

1. **Attorney and client** ⬤⟹72—**Testimony held properly received to show authorization or ratification of signature by wife to demand to satisfy mortgage of record.**

In action by husband and wife for statutory penalty for failure after demand to satisfy mortgage of record, where it appeared plaintiffs' attorney prepared demand, evidence of conversation between husband and wife as to getting an attorney, and serving demand, *held* properly received as showing authorization by wife of her signature or of her ratification thereof.

2. **Mortgages** ⬤⟹312(4)—**Whether mortgage was paid when request for satisfaction thereof was made held for jury.**

Whether mortgage executed to defendant was paid when plaintiffs requested defendant to satisfy the mortgage of record, *held* for jury.

3. **New trial** ⬤⟹97—**Denial of motion based on surprise held not reversible.**

Where defendant did not anticipate certain testimony of plaintiff, but, instead of withdrawing announcement of ready for trial when that evidence was developed, and requesting continuance to get witness to contradict such evidence, proceeded with trial, error could not be predicated on trial court's refusal to grant new trial on account of surprise.

Appeal from Circuit Court, St. Clair County; O. A. Steele, Judge.

Action for statutory penalty for failure to mark satisfaction of a mortgage upon the record by J. E. and F. C. Hannah against the Bank of Odenville. From a judgment for plaintiffs, defendant appeals. Affirmed.

It appears that J. E. Hannah and his wife F. C. Hannah made a loan of money from the Bank of Odenville, and executed as security a note and mortgage. Plaintiff J. E. Hannah testified that the mortgage debt was fully paid prior to December 31, 1920, when demand was made upon defendant to satisfy the mortgage on the records. The written request or demand, signed in the names of the plaintiffs, was introduced in evidence over the objection of the defendant. J. E. Hannah testified that he had asked the cashier of the defendant bank to "take the note off the record"; that the cashier refused; that plaintiff's attorney wrote the note or demand for him; that he carried it home and showed it to his wife, who told him to give it to him (the cashier). The witness was asked by his counsel, "Before you left home, did you talk with your wife about it?" and over objection of defendant answered, "My wife told me to get a lawyer, and I told her I would get Mr. Robinson, and she said all right; that would be best."

Evidence for the plaintiffs tended to show that J. E. Hannah, at the request of the then cashier of defendant, cut and delivered to the railroad company certain cross-ties, for the defendant, during the year in which the mortgage was made, with the understanding that he was to receive credit from the defendant for them.

M. M. Smith, of Pell City, for appellant.

The notice or demand to mark the mortgage satisfied was insufficient. Jarratt v. McCabe, 75 Ala. 325; Jowers v. Brown Bros., 137 Ala. 581, 34 So. 827.

Charles R. Robinson, of Ashville, for appellees.

Brief of counsel did not reach the Reporter.

ANDERSON, C. J.  [1] There was no error in permitting J. E. Hannah to testify as to conversations between himself and wife as to getting an attorney and making the request to satisfy the mortgage record, and the jury could infer that the wife either authorized her signature to the request or ratified the same before it was delivered to the defendant. She read the paper after her name had been signed thereto, and told J. E. Hannah to "present that to the bank, and maybe they will take the note off."

[2] The trial court did not err in refusing the general charge for the defendant upon the theory that the evidence failed to show the satisfaction of the mortgage indebtedness. Indeed, counsel concede that the claimed credits satisfied the indebtedness, if the cross-ties item should be included, and as long as the plaintiffs' evidence was in as to this item, whether true or not, it was a question for the jury as to whether or not the mortgage had been satisfied before the request was made.

[3] It is next urged that the trial court should have granted the motion for a new trial on account of surprise, in that the plaintiff, J. E. Hannah, testified on this trial as to a credit for the cross-ties which he did not claim upon the former trial and which was fabricated in order to swell the credits to a sufficient amount to satisfy the mortgage, and which the defendant could have contradicted by several witnesses had this new evidence been anticipated. This would have no doubt presented a good ground to the defendant to withdraw the announcement of ready for trial when this new evidence was developed and to request a continuance in order to get witnesses to contradict this said evidence, but, not having done this and gone on with the trial, there was such a speculation as to the result as to forbid reversible error on the part of the trial court in refusing a new trial on this ground.  McClendon v. McKissack,

143 Ala. 188, 38 So. 1020; Simpson v. Golden, 114 Ala. 336, 21 So 990.

The judgment of the circuit court is affirmed.

Affirmed.

SAYRE, GARDNER, and MILLER, JJ., concur.