Note.—See under (1) 4 C. J. pp. 853 § 2834; 859 § 2836; 2 R. C. L. p. 202; 1 R. C. L. Supp. p. 442; 4 R. C. L. Supp. p. 91; 5 R. C. L. Supp. p. 81. (2) 29 Cyc. p. 993; 20 R. C. L. p. 309; 3 R. C. L. Supp. p. 1054; 5 R. C. L. Supp. p. 1098. (3) 29 Cyc. pp. 883, 886, 898, 899, 901, 911, 918, 919; 20 R. C. L. p. 290; 3 R. C. L. Supp. p. 1051; 4 R. C. L. Supp. p. 1351; 5 R. C. L. Supp. p. 1096.

---

## HANKINS v. FARMERS & MERCHANTS BANK CO.

No. 17155—Opinion Filed March 2, 1926.

(Syllabus.)

1. **Appeal and Error—New Trial—Newly Discovered Evidence—Issue for Determination.**

Where a motion for a new trial is based upon the ground of newly discovered evidence, the sufficiency of the motion is the only question to be determined.

2. **Same—Insufficiency of Motion.**

Where a motion for a new trial, based upon the ground of newly discovered evidence, is not sworn to, is unsupported by affidavits, does not set forth the facts newly discovered or that the witness to be called will testify to the same, and no evidence is introduced on the hearing, the same is a nullity and presents nothing to this court for its consideration.

Error from District Court, Oklahoma County; Geo. W. Clark, Judge.

Action between H. H. Hankins and Farmers & Merchants Bank Company. From the judgment, the former brings error. Dismissed.

Walter & Hilpirt, for plaintiff in error.

E. C. Patton, for defendant in error.

PER CURIAM. Judgment was rendered in this case on the 30th day of June, 1925. On the 21st day of July, 1925, a motion for a new trial was filed, and on the 8th day of October, 1925, was overruled, exceptions saved, and notice of appeal given.

The motion for a new trial is based on the ground of newly discovered evidence. It is not sworn to, is unsupported by affidavits, does not set forth the newly discovered facts, or that the witness Kelly would testify to the same, and no evidence was introduced upon the hearing in support of the motion.

Section 575, C. O. S. 1921, provides as follows:

"The application must be by motion, upon written grounds filed at the time of making the motion. The causes enumerated in subdivisions 2, 3, 7, and 9 of section 5033, must be sustained by affidavits, showing their truth, and may be controverted by affidavits."

In McCants v. Thompson, 27 Okla. 706, 115 Pac. 600, the court held that the motion must set forth names and residences of witnesses, what they would testify to, and be accompanied by affidavits, or reasons, for not producing same; must also show diligence.

And in a long line of decisions this holding has been adhered to. The motion for a new trial is a nullity and serves no purpose. It cannot be used to save the record on appeal, no motion for a new trial having been filed within three days after final order, as provided by statute. The only question to be determined on this appeal is the sufficiency of the motion for a new trial, and the motion failing to comply with the statute and the uniform holdings of this court, there is nothing before the court for its consideration. The appeal is dimissed.

Note.—See under (1) 4 C. J. p. 835 § 2817. (2) 3 C. J. p. 967 § 863; 29 Cyc. pp. 956, 960 (Anno).