[Civil No. 2815.   Filed June 11, 1929.]

[278 Pac. 62.]

F. E. RAYNER, Appellant, v. H. S. ANDERSON, Appellee.

344

See New Trial, 46 **C. J.**, sec. 231, p. 259, n. 85; sec. 234, p. 263, n. 15.

Mr. J. E. Morrison and Messrs. Phillips & Phillips, for Appellant.

Mr. L. C. McNabb and Mr. L. J. Holzwarth, for Appellee.

LOCKWOOD, C. J.—H. S. Anderson, hereinafter called plaintiff, brought suit against F. E. Rayner, hereinafter called defendant, for damages for the conversion of certain personal property by the latter. Defendant answered, and also filed a cross-complaint for malicious prosecution by plaintiff of defendant in a certain criminal action wherein defendant was charged with larceny of some of the property involved in the present action of conversion. Plaintiff moved

to strike the cross-complaint on the ground that the matters set up therein were not proper cause of cross-complaint, which motion was by the court granted. The case then proceeded to trial, and resulted in a verdict against defendant in the sum of $1,000. A motion for a new trial was duly filed and overruled by the court, and defendant has brought the matter before us for review.

There are two assignments of error, one going to the action of the court in striking out the cross-complaint and the other to the denial of the motion for new trial. We will consider them in their order. While modern practice in regard to counterclaims and set-offs is extremely liberal, it is generally held that a counterclaim for a tort cannot be set up in an action for another tort. 24 R. C. L. 827; *Lovensohn* v. *Ward,* 45 Cal. 8; *Rothschild* v. *Whitman,* 132 N. Y. 472, 30 N. E. 858; *Marks* v. *Tompkins,* 7 Utah 421, 27 Pac. 6; *Allen* v. *Coates,* 29 Minn. 46, 11 N. W. 132. The case last cited comes from the state from which our statute on the subject of counterclaims was taken, and is more nearly parallel in facts to the case at bar than any other we have been able to discover. Therein it was held that a counterclaim for damages for malicious prosecution of an action involving the title to certain property could not be set up in a suit for conversion of the same property. The conversion sued on was an entirely independent and distinct tort from the alleged malicious prosecution of defendant by plaintiff, even though the property involved in the two actions may have been the same, and such is the case herein. The trial court did not err in striking the cross-complaint.

The second assignment of error is that the court abused its discretion in refusing to grant a new trial on the ground of newly discovered evidence. The trial judge should not grant a new trial on the ground of newly discovered evidence unless it appears not

merely that there is such evidence, but also that there is a reasonable possibility it might, if presented, change the verdict. *In re Emerson's Estate,* 170 Cal. 81, 148 Pac. 523; *Rock* v. *Craig,* 78 Okl. 254, 190 Pac. 388; 20 R. C. L. 290. The persons upon whom defendant relies for the alleged newly discovered evidence had testified in his behalf at the trial, but had utterly failed to mention at that time the matters set up in their affidavits. In view of the extraordinary circumstances shown by these affidavits, and the remainder of the record, we have great doubt as to the possibility of the newly discovered evidence changing the verdict, and certainly we cannot say the trial court abused its discretion.

No error appearing in the record, the judgment of the trial court is affirmed.

McALISTER and ROSS, JJ., concur.