272 P.2d 573 (1954)
GLEN
v.
BUCK.
No. 36025.
Supreme Court of Oklahoma.
July 7, 1954.
Charles L. Tyler, Newkirk, for plaintiff in error.
Ross & Ross, Newkirk, for defendant in error.
WILLIAMS, Justice.
This is an action by the plaintiff, E.D. Buck, against the defendant, Lonnie Glen, *574 for the balance due on an oral contract for the drilling of a water well.
Plaintiff alleged that pursuant to an oral contract he drilled a hole 217 feet deep and 8 inches in diameter for an agreed price of $2.50 per foot or a total price of $542.50. Plaintiff further alleged that defendant had made two payments totalling $200, leaving an unpaid balance due and owing of $342.50. Defendant admitted an oral contract but alleged it was for 100 feet and at a cost of $250 which he alleged had been paid in full. Defendant then alleged a further agreement that the well was to have been drilled deeper for the sum of $1 per foot provided the well produced water and in case water was not found, that he should owe nothing further.
The case was tried to a jury which returned a verdict against defendant in the sum of $342.50. A motion for a new trial was filed on the grounds of newly discovered evidence and overruled by the trial court.
Defendant appeals, alleging that the court erred in overruling his motion for a new trial on the grounds of newly discovered evidence. The motion for a new trial was in regular form and had attached to it the affidavit of defendant in which he stated that upon learning the name and address of one Dave Williams, who was the helper in drilling the well, he discovered that Williams would testify that the well was drilled to a depth of only 117 feet and would further testify that the second payment was in the sum of $100 rather than $50 as testified to by the plaintiff at the trial. The affidavit further stated that other witnesses whom he had discovered would testify that the well was drilled not over 112 to 115 feet deep. No affidavits of any of the allegedly newly discovered witnesses were attached to the motion and defendant's affidavit contained no allegation accounting for the absence of such affidavits.
To be entitled to a new trial on the ground of newly discovered evidence, the motion for a new trial should state the name and place of residence of the witnesses, what they would testify to, and be accompanied by the affidavits of said witnesses or give a sufficient reason for not producing the same. Rock v. Craig & Osborn, 78 Okl. 254, 190 P. 388; McCants v. Thompson, 27 Okl. 706, 115 P. 600; Huster v. Wynn, 8 Okl. 569, 58 P. 736.
Since defendant's motion for new trial was not supported by the affidavits of the witnesses to the facts which it was claimed were in the nature of newly discovered evidence, and the absence of said affidavits was not accounted for in any manner, we conclude that the trial court did not abuse its discretion in over-ruling the motion of the defendant for a new trial on the grounds of newly discovered evidence.
In defendant's remaining proposition, it is argued that the court was without jurisdiction to render a judgment upon the verdict for the reason that plaintiff did not plead and prove the assessment and payment of the intangible property tax as required by 68 O.S. 1951 § 1515.
The record shows that plaintiff is a resident of Arkansas City, Kansas, and has been since 1943. Since plaintiff is a non-resident of the State of Oklahoma, his claim is not subject to payment of intangible property tax unless it has acquired a business situs in Oklahoma. 68 O.S. 1951 § 1504; Kahan v. Schonwald, 192 Okl. 307, 135 P.2d 971; Groseclose v. Sutherland, 194 Okl. 479, 153 P.2d 479. In order to constitute a business situs where intangible property is taxable, other than the owner's domicile, it must be shown that possession and control of the property has been localized in some independent business or investment away from the owner's domicile so that its substantial use and value primarily attaches to and becomes an asset of the outside business. Grieves v. State ex rel. County Attorney, 168 Okl. 642, 35 P.2d 454. No such showing is made here. On the contrary, the evidence here is such that the court could properly infer therefrom that plaintiff's claim had never acquired a business situs within this jurisdiction and was therefore not subject to assessment and payment of intangible property tax.
*575 Our attention having been called to the supersedeas bond filed herein, judgment thereon is granted as requested.
Judgment affirmed.
HALLEY, C.J., and WELCH, CORN, O'NEAL and BLACKBIRD, JJ., concur.
JOHNSON, V.C.J., dissents.