## HERRING et al. v. HOOD.

No. 5254.   Opinion Filed February 1, 1916.

Rehearing Denied February 29, 1916.

(155 Pac. 253.)

1. **NEW TRIAL—Grounds—Surprise—Waiver.** It is the duty of a party surprised at a trial, immediately upon discovery of the ground of his surprise, to take the proper steps to continue or delay the trial in order to protect his interests. He may not neglect this duty in the hope of securing a favorable decision in spite of such surprise, and, failing in this, obtain a new trial on account thereof.

2. **NEW TRIAL—Newly Discovered Evidence—Diligence.** To entitle one to a new trial on the ground of newly discovered evidence he must show, in addition to other essential facts, that he has exercised due diligence to discover the same in time.

3. **EVIDENCE—Res Gestae—Admissibility—Determination.** The question of the admissibility of statements as part of the res gestae should, in a great measure, be left to the determination of the trial court.

4. **SAME—Instructions.** Record examined and held (1) that there was no error in the admission of certain evidence, and (2) that the instructions fairly state the law of the case.

(Syllabus by Bleakmore, C.)

*Error from District Court, Washita County;*
*Swan C. Burnett, Special Judge.*

Action by Kitty Hood against F. E. Herring and another. Judgment for plaintiff, and defendants bring error. Affirmed.

*Rutherford Brett, Richard A. Billups,* and *Echols & Merrill,* for plaintiffs in error.

*Massingale & Duff,* for defendants in error.

Opinion by BLEAKMORE, C. This action was commenced in the district court of Washita county by Kitty

Hood, as plaintiff, against F. E. Herring and O. H. Young, as defendants, for damages on account of personal injuries alleged to have been sustained by reason of the negligence of the defendants in failing to maintain in a safe condition the floor of a building in the town of Foss, owned and occupied by them as a retail store, through which floor she fell while a customer therein. The parties will be referred to as they appeared in the trial court.

On March 13, 1913, on trial to a jury, plaintiff recovered judgment for $4,000, and the defendants have brought the case here for review.

Defendants urge as ground for the reversal of the judgment: (1) Error in overruling the motion for new trial on the ground of newly discovered evidence; (2) error in the admission of certain evidence; (3) that the judgment is excessive, and (4) error in the giving of a certain instruction.

Defendants owned and occasionally visited the store in question, but the business and premises were under the control of their manager, a Mr. Childress. While plaintiff was in the store as a customer, one of the boards of the floor gave way under her weight, and her left limb was forced through the floor, injuring her. It was shown that the boards of the floor had broken through at other times and places from the weight of a heavy truck; that they were rough and uneven; that the particular board which broke under plaintiff's weight was at the time so worn as to be only from an eighth to a quarter of an inch in thickness. One Crowley, a witness called on behalf of plaintiff, testified to the occurrences at the time of the injury, and that defendants' manager, Childress, appeared on the scene almost immediately after plaintiff was extricated from the broken floor, and while she was yet in

the building, and stated that "he knew the floor needed fixing, but had just neglected it."

Among the affidavits filed in support of. a motion for new trial is that of R. A. Billups, one of the attorneys for defendants, wherein it is stated that before the trial he talked with the manager, Childress, who informed affiant that he was absent from the store when the injury occurred, and came in after it was all over and did not see the same; that the witness Crowley, during the progress of the trial, and before he testified, had stated to him (Billups) under oath that he helped the plaintiff out of the broken place in the floor, had some talk with her, and that she went down the aisle to buy some goods, and soon thereafter Childress came into the store and remarked, "I knew the floor was defective and I neglected to fix it"; that defendants were surprised at the change in the testimony of said witness, etc.    There is also an affidavit of one Gregg stating that he was present at the time plaintiff was injured; that Childress was not there and did not know thereof until some ten minutes later and after the plaintiff had left the store.    There is the further affidavit of one Payne, who was in attendance upon the trial as a witness for, but not used by, the plaintiff, in which he states that he was present when the injury was received, and assisted in freeing plaintiff from the broken floor; that Childress was not in the store at the time, but came in some five minutes after plaintiff had left the building. He also stated that he did not disclose his knowledge of such matters to defendants or their attorneys until the 20th day of March, 1913.    There is also the affidavit of a physician, J. W. Kerley, who was called to testify as a witness on behalf of defendants, in which he states that he discovered from an examination of the plaintiff during

the progress of the trial, before he testified, that there were some scars on her injured leg, the evidence of a burn, and which plaintiff informed him at the time were the result of burns; and of this he failed to apprise defendants until after the trial.

Upon hearing of the motion, defendant Herring testified that he saw and talked with the affiant Payne during a recess of the court taken for supper on March 13, 1913, when Payne told him substantially what was set forth in his affidavit; that at the time he (Herring) thought that the evidence was closed; that when the court convened after supper, he informed his attorneys with regard to such witness and was told to hunt him up, but that he learned that such witness had left town; that he might have found him earlier but for the fact that he was under the rule.

The affiant Gregg was an employee of defendants in the store at the time of the injury, and it does not appear that they made any effort to avail themselves of his evidence prior to the trial or to procure his attendance. Their attorney consulted with Childress, but did not see fit to have him present. Defendants and their counsel knew all it is asserted Payne would testify before the close of the trial, but failed to request a continuance or a postponement until he could be procured as their witness. It is not claimed that defendants or their attorneys attempted to acquaint themselves with the proposed testimony of the witness Crowley until during the progress of the trial. It is doubtful whether the alleged "change" in the testimony of this witness constitutes ground for a plea of surprise. Under the showing made, they were certainly not misled as to the testimony of this witness before, or at the time, they announced ready for trial. By the newly discovered

evidence it is not attempted to establish the fact directly that Childress did not make the statement attributed to him when he arrived at the scene of the injury, but there is an effort to show inferentially that he never made such statement, by offering to establish the fact that he was not in the building at the particular time to which the witness testified. In *McCants v. Thompson,* 27 Okla. 706, 115 Pac. 600, it is said:

"The first duty of a party, surprised at the trial, upon the discovery of a mistake that will prejudice his interest, is to take proper legal steps to continue or delay the cause. He cannot neglect this duty in the hope of securing a verdict in spite of such surprise and then obtain a new trial. *Shipp v. Suggett,* 9 B. Mon. (48 Ky.) 5; *Simpson v. Golden,* 114 Ala. 336, 21 South. 990; *Hoskins v. Hight,* 95 Ala. 284, 11 South. 253, and authorities therein cited. The defendant, having failed to comply with this rule, is not entitled to a new trial on such ground."

To entitle a party to a new trial on account of newly discovered evidence, it must appear, in addition to other essential facts, that he has exercised due diligence to discover the same in time, and to negative a failure in this regard on his part. We are not favorably impressed with the showing of diligence made by the defendants in this respect. The granting or refusing of a new trial is a matter very largely in the discretion of the trial court; and in our opinion such discretion was not abused in overruling the motion in this case.

The admission of the evidence of the witness Crowley to the effect that the defendants' manager stated immediately or shortly after plaintiff's injury that he knew the floor was defective and had neglected to repair it, does not constitute prejudicial error. Whether he was present

at the precise time of the occurrence or reached the place a few minutes afterward is not the controlling feature upon the question of the admissibility of his declaration as a part of the *res gestae,* for it is apparent that the statement was contemporaneous with his arrival and acquaintance with the manner of the injury. It was the instinctive, spontaneous utterance of the fact of his previous knowledge of the unsafe condition of the premises under his control, which had caused such injury. Under the circumstances of this case we conclude that the statement was properly admitted. In *St. L. & S. F. R. Co. v. Fick,* 47 Okla. 530, 149 Pac. 1126, it is held:

"The question of admissibility of statements as part of the *res gestae* should, in a great measure, be left to the determination of the trial court." *Smith v. Chicago, R. I. & P. Ry. Co.,* 42 Okla. 577, 142 Pac. 398; Wigmore on Evidence, 1750.

To review the evidence relative to the character and extent of the injuries suffered by plaintiff would unnecessarily lengthen this opinion. She received them in September, 1911; the case was tried in March, 1913, and the probable permanency of such injuries was clearly established. Whether or not the sum awarded exceeds the damages to which the plaintiff, in our opinion, is entitled, becomes unimportant, unless we may properly infer from the verdict, under all the circumstances of the case, that the same was the result of passion or prejudice. Ordinarily this court will not substitute its opinion in this regard for the verdict of a jury approved by the trial court, and we cannot do so in the instant case.

The instruction of which complaint is made, considered with others constituting the charge of the court, fairly states the law applicable.

The judgment should be affirmed.

By the Court: It is so ordered.