## JONES v. ADAMS.

No. 16082—Opinion Filed Jan. 26, 1926.

Rehearing Denied March 16, 1926.

(Syllabus.)

1. New Trial—Ground of Surprise—Waiver by Going to Trial.

It is the duty of a party surprised at a trial, immediately upon discovery of the ground of his surprise, to take the proper steps to continue or delay the trial in order to protect his interests. He may not neglect this duty in the hope of securing a favorable decision in spite of such surprise, and.

failing in this, obtain a new trial on account thereof.

## 2. New Trial—Newly Discovered Evidence —Insufficiency.

Applications for a new trial upon the grounds of newly discovered evidence, filed after the expiration of the term at which the trial was had, are, as a general rule, viewed with disfavor by the courts, and the law authorizing the granting of new trials upon the grounds of newly discovered evidence does not contemplate that such new trials shall be granted where the newly discovered evidence is merely cumulative, or merely tends to impeach or contradict the former evidence.

Error from District Court, Seminole County; George C. Crump, Judge.

Action by Thomas S. Adams against Robert Jones. From an order setting aside a verdict and granting plaintiff a new trial, defendant brings error. Reversed and remanded, with instructions.

C. Guy Cutlip and Thomas J. Horsley, for plaintiff in error.

C. Dale Wolfe, for defendant in error.

PHELPS, J. Robert Jones and D. T. Towns executed their joint promissory note in favor of the American State Bank of Holdenville for $410.56, the note being secured by a chattel mortgage, and also bearing the indorsement of Thomas Adams. The bank then indorsed the note over to Thomas Adams "without recourse," and Adams brought suit against Jones in the district court of Seminole county. praying for judgment against Jones in the sum of $275.56, alleging that the bank, for value and before maturity, had indorsed said note to him and that he was at that time the owner and holder thereof, and that said amount was the balance due thereon. Jones, the defendant, filed his answer, admitting the execution of the note, but alleged that the note had been fully paid and the indebtedness thereby discharged, to which Adams, the plaintiff, filed his reply, denying the allegations of the answer.

The cause was tried to a jury, resulting in a verdict in favor of the defendant, and within three days motion for new trial was filed, overruled, and time extended to perfect appeal to the Supreme Court.

Some four months after the overruling of said motion for new trial and after the expiration of the term of court at which the cause was tried, the plaintiff, Adams, filed his petition praying that the judgment be set aside and a new trial granted upon the grounds of accident and surprise and newly discovered evidence. Such petition was called for hearing, and over the objection of the defendant, Jones, the judgment was set aside and a new trial granted, to reverse which this appeal is prosecuted.

Plaintiff in error complains that, while the petition attempted to set up as grounds for a new trial, accident and surprise and also newly discovered evidence, the petition failed upon its face to show sufficient facts to constitute a ground for setting aside the judgment, and also that the evidence introduced in support thereof failed to prove such a state of facts.    The record discloses that the note in question was given as the purchase price of an automobile, and it was the claim of defendant Jones, who is plaintiff in error here, that when he defaulted in the payment of the note he went to the plaintiff and had an agreement with him that he would turn the mortgaged property, consisting of two spans of mules, a roan mare, a cow, a yearling, a pair of harness, a wagon, and a turning plow, Georgia stock and cultivator over to him in full settlement and satisfaction of the note, and that the canceled note should later be mailed to him.   This was denied by the plaintiff, and in the brief of defendant in error much consideration is given to the trial of the original cause, claiming that the trial court erred in allowing defendant, plaintiff in error here, to plead payment and then prove "accord and satisfaction."   In the briefs of plaintiff in error much attention is also given to the facts developing upon the original trial of the cause, with all of which we are not at all concerned in an effort to reach a correct conclusion here, the sole question being, was the court authorized, under the petition and proof, to set aside the judgment and grant a new trial?

The third subdivision of section 572, Comp. St. 1921, provides that a new trial may be granted upon the grounds of

"Accident or surprise which ordinary prudence could not have guarded against."

It appears from the record that the sole question presented to the jury in the original trial was whether there was an agreement between the plaintiff and defendant that plaintiff would accept the mortgaged property in full settlement of the note in question, and it appears that practically all the evidence introduced was upon that controverted point, and upon that issue the jury returned a verdict for the defendant, upon which verdict the court rendered its judgment. And in plaintiff's petition for new trial the accident and surprise complained of consisted of the court's action in allowing defendant to introduce proof of accord

and satisfaction after pleading payment. From the facts developing in the record, we conclude that this contention is wholly without merit as a ground for granting a new trial upon petition after a motion for new trial had been presented and overruled by the court originally trying the case. As to whether or not this question, properly raised, would have been sufficient grounds for a reversal if the plaintiff had perfected his appeal, it is not necessary for us to determine here.

In paragraph 1 of the syllabus in Herring v. Hood, 55 Okla. 737, 155 Pac. 253, this court said:

"It is the duty of a party surprised at a trial, immediately upon discovery of the ground of his surprise, to take the proper steps to continue or delay the trial in order to protect his interests. He may not neglect this duty in the hope of securing a favorable decision in spite of such surprise, and, failing in this, obtain a new trial on account thereof."

Subdivision 7 of section 572, Comp. St. 1921, provides that a new trial may be granted upon the grounds of

"Newly discovered evidence, material for the party applying, which he could not, with reasonable diligence, have discovered and produced at the trial."

And in support of the allegation of plaintiff's petition for new trial upon the grounds of newly discovered evidence, he used three witnesses, two of whom testified in the original trial to substantially the same things they testified to in the hearing upon the petition for new trial, and, in our judgment, their testimony furnishes no foundation whatever upon which to base a finding that plaintiff was entitled to a new trial.

The third witness used by plaintiff in support of the allegations of his petition for a new trial was one C. E. Newman, who testified that he was at a stock barn in Holdenville at the time the mortgaged property was brought in to be turned over to the plaintiff, and that the same was brought in by D. T. Towns and not by Robert Jones. The evidence in the original trial developed that the mortgaged property was delivered in two installments, and the evidence was conflicting as to whether it was delivered by Jones and Towns or by Towns alone, and plaintiff contends that the discovery of the testimony of Newman that at least a part of the property was delivered by Towns and that Jones was not present, and therefore no agreement could have been entered into between the plaintiff and Jones that the mortgaged property would be received in full settlement and satisfaction of the in-

debtedness. This, as we see it, is merely cumulative and not sufficient, standing alone, to justify the court in granting a new trial.

In Vickers v. Philip Carey Co., 49 Okla. 231, 151 Pac. 1025, this court very clearly, concisely, and broadly laid down the rules by which a new trial should be granted upon the grounds of newly discovered evidence, which rules have been followed by this court in numerous cases, holding, in substance, that the newly discovered evidence must be sufficient to probably change the result—if a new trial is granted; it must have been discovered after the trial and be such as could not have been discovered before the trial by the exercise of due diligence; it must be material to the issue presented and not merely cumulative, nor merely impeach or contradict the former evidence; and as the sole issue presented to the jury was whether an agreement had been entered into between plaintiff and defendant that plaintiff would accept the mortgaged property in full satisfaction of the indebtedness, and since plaintiff specifically denied such agreement and the issues were found against him by the jury, it seems clear that the so-called newly discovered evidence of Newman was merely cumulative of plaintiff's denial and, at best, only tended to contradict defendant's evidence of the existence of such an agreement. Measured by the rules laid down in Vickers v. Philip Carey Co., supra, and consistently adhered to in numerous opinions by this court, it seems clear that the learned trial court committed error in granting a new trial.

The judgment granting a new trial is therefore reversed, and the cause remanded, with instructions to the trial court to reinstate the judgment rendered on the verdict in the original trial of said cause.

All the Justices concur.