**RYKER, Adm'r, v. DICKEY et al.**

No. 25266. May 12, 1936.

John Ladner and Carl H. Livingston, for plaintiff in error.

Hudson & Hudson, for defendants in error.

PHELPS, J. Plaintiff's automobile collision damage action was defeated by the verdict of a jury. He contends the trial court erred in refusing a new trial upon his showing that he was taken by accident and surprise in the testimony of his principal witness, who was mentally befogged from an overdose of sleeping powder. Though this was only the first of plaintiff's nine witnesses, he failed during the trial to profess surprise.

It is the duty of the party surprised, immediately upon discovery thereof, to take the proper steps to continue or delay the trial in order to protect his interests. He may not neglect this duty, speculate upon the verdict, possibly in the hope of obtaining a favorable decision in spite of such surprise and then, failing in this, obtain a new trial on account thereof. McCants v. Thompson, 27 Okla. 706, 115 P. 600; Herring v. Hood, 55 Okla. 737, 155 P. 253; Jones v. Adams, 114 Okla. 138, 244 P. 189. That plaintiff did not discover the cause of the surprise until later does not vary the rule, for the fact remains that he knew he was surprised, whatever the cause.

Plaintiff complains of certain instructions given the jury, to which he did not except. One of the principal objects of section 360, O. S. 1931, is to require the party aggrieved by an instruction to except thereto before it is read to the jury, thereby giving the court an opportunity to correct it, and this court will not review such instruction unless it was excepted to at the time of the trial. Town of Stigler v. Wiley, 36 Okla. 291, 128 P. 118; Wayne Tank & Pump Co. v. Harper, 118 Okla. 274, 247 P. 985; Doughty v. Laubach, 172 Okla. 42, 44 P. (2d) 105.

However, it should be noted that this decision is based solely upon principles applicable to new trial and review, rather than substantive law, and it does not necessarily follow that if the court had granted a new trial it would have been an abuse of discretion.

Though the present attorneys for plaintiff in error did not represent him during the trial, it is manifest that a party on appeal must be bound by the acts of his counsel at the trial, and that we may not change the result because of the fact that present counsel would have proceeded differently.

Judgment affirmed.

OSBORN, V. C. J., and BUSBY, CORN, and GIBSON, JJ., concur.