## TOMLJANOVICH v. VICTOR-AMERICAN FUEL CO.

(District Court, D. Maine. February 14, 1916.)

No. 350.

NEW TRIAL ☞102—NEWLY DISCOVERED EVIDENCE—DILIGENCE.

On a motion for a new trial, in an employé's action for injuries, on the ground of newly discovered evidence, defendant filed affidavits stating that P., a witness for plaintiff, told the affiants that he had made a statement to defendant regarding the accident, but that he was going to go with the other side, because he could get more money out of the other side. Though these affidavits were taken immediately after the trial, no satisfactory reason for not interviewing the affiants before the trial was given, and, though defendant claimed to have been surprised by P.'s testimony, it did not make any suggestion of surprise and ask for further delay at the trial. *Held*, that defendant had not met the burden of showing due diligence in the production of the alleged newly discovered evidence, especially as the evidence was of an impeaching character.

[Ed. Note.—For other cases, see New Trial, Cent. Dig. §§ 207, 210–214; Dec. Dig. ☞102.]

At Law. Action by Paul Tomljanovich against the Victor-American Fuel Company. On motion by defendant for a new trial on the ground of newly discovered evidence. Motion denied.

For opinion on motion to set aside verdict, see 227 Fed. 951.

George C. Wheeler, of Portland, Me., and A. T. Hannett, of Gallup, N. M., for plaintiff.

Caldwell Yeaman, of Denver, Colo., and Frederick W. Hinckley, of Portland, Me., for defendant.

HALE, District Judge. This case is now before the court upon the motion of the defendant for a new trial, on the ground of newly discovered evidence.

On December 4, 1915, this court passed upon a motion of the defendant to set aside the verdict, for the reason that it was against the weight of evidence, and that the damages were excessive. The court held that the verdict should not be allowed to stand for more than $15,000, and that, unless the plaintiff would remit all over that sum, a new trial would be granted. The plaintiff did remit all over $15,000.

The motion now before the court is based in part on matters which have already been considered; but it may be treated as a motion for a new trial on the ground of newly discovered evidence.

Among the affidavits now filed by the defendant is that of Robert Pritchard. Pritchard says that he was working in the Navajo mine a short time before Tomljanovich was injured; that on that day he was assisting a man by the name of Liberati to put a sheave wheel on the track in the second dip off the third east entry; that a day or two prior to the day of the injury he was in the mine in company with the general superintendent and the local superintendent; that before he left the company he discussed in a general way with Patero the accident to Tomljanovich; that Patero told him that he had formerly made a statement to the company regarding the accident, but that he was going to "buck the company and go with the other side, because he could get more money out of the other side."

Other testimony of a similar character is offered by means of affidavits, tending to impeach an important witness at the trial of the cause. This witness, Patero, was a rope rider on the car by means of which the plaintiff received his injuries. Due diligence would ordinarily require the defendant to produce him at the trial, unless a sufficient reason were shown for his nonproduction. The defendant urges that Patero gave a statement to the company vitally different from his testimony to the jury, and that such statement caused the officers of defendant company to believe that Patero would not be a witness against the company. This matter was a subject of inquiry at the time of the trial.

In the affidavit now before me Patero denies that he made such statements as Pritchard says he made; he denies the truth of all the impeaching testimony now produced. Immediately after the trial to the jury the affidavits of Pritchard and of others were taken.

Upon the whole evidence the defendant, I think, has not met the burden of showing that it has used due diligence in producing the testimony at the trial which it now produces on this motion.

If it was surprised at Patero's testimony before the jury, it could at least have made a suggestion of surprise and asked for further delay.

In Carr v. Gale, Fed. Cas. No. 2,433, 1 Curt. 384, Mr. Justice Curtis says:

"A party cannot be allowed to wait and take his chance of a verdict in his favor and, when it is against him, allege surprise. It is then too late. * * * It cannot be considered as the use of due diligence to suffer the trial to proceed, and after a verdict against him, proceed to make the inquiries which he might and ought to have made before."

The testimony now brought before me by affidavits is impeaching testimony; its truth is denied by Patero. The federal courts have not generally set aside verdicts on testimony, subsequently submitted, impeaching the credibility of a witness. United States v. Potter, Fed. Cas. No. 16,077, 8 McLean, 182.

The witnesses who have given their affidavits touching this impeaching testimony have said that they had "recently been seen" by agents of the defendant. They were seen immediately after the trial. No reason satisfactory to the court is given for not interviewing them before the trial. There is not sufficient in the testimony to affirmatively prove due diligence on the part of the defendant.

I am constrained to find, then, that the defendant has not met the burden of showing due diligence in the production of testimony at the trial which is now offered by affidavits.

Upon this motion other affidavits are offered presenting cumulative evidence, and evidence which manifestly could, by due diligence, have been produced at the trial. I think I need not consider these other affidavits in detail.

The motion to set aside the verdict on account of newly discovered evidence is denied.