[No. 22160. Department One. May 19, 1930.]

THE STATE OF WASHINGTON, *Respondent*, v. JOHN
FERGUSON, *Appellant*.[1]

*M. M. Moulton* and *B. E. McGregor,* for appellant.
*Geo. O. Beardsley,* for respondent.

MILLARD, J.—This proceeding was instituted to determine the paternity of, and to compel the father to support, an illegitimate child. The jury returned a verdict finding the defendant was the father of the child born to the unmarried seventeen-year-old prosecuting witness. Motion for a new trial was overruled, and judgment was entered upon the verdict requiring the

[1]Reported in 288 Pac. 239.

defendant to pay, for the support of the child, fifteen dollars monthly until the child arrives at the age of sixteen years. From that judgment the defendant has appealed.

The appellant is twenty-four years old and unmarried. He positively denied that he ever had sexual intercourse with the complaining witness, but admitted he was alone with her in his home the evening of December 9, 1927. The complaining witness testified that she and the appellant kept company for a number of months prior to December 9, 1927; that she went with appellant to his home a number of times and on each occasion he endeavored to have sexual intercourse with her; that, December 9, 1927, she accompanied him to his home and there, surrendering to his advances, they indulged in sexual intercourse which resulted in the conception of a child. Her last menstruation until after the birth of the child was the latter part of November, 1927. The child was born September 6, 1928, or two hundred and seventy-two days subsequent to the date it is claimed the child was conceived, excluding the first and including the last day of the period of gestation.

The assignment that the court erred in not granting appellant's motion for a new trial on the ground of surprise is without merit. George Schuster, a witness for appellant, testified at the trial that he attended a Christmas party the night of December 24, 1927, at which the complaining witness was present; that he saw the complaining witness come out of the house about ten or ten-thirty that night accompanied or followed by two people; that he could not determine, because of the darkness, whether they were boys or girls, as he was about fifty to one hundred feet distant from them; that a group of three went around the house, but that he could not say whether the complain-

ing witness was one of the group. At the preliminary hearing, this same witness testified that he saw the complaining witness come out of the house at the solicitation of, and followed by, two boys; that the three went around the corner of the house together; that some one called to her to return to the house, but that he did not think she returned. We have carefully read the testimony. The testimony, as a whole, of this witness at the preliminary hearing amounts to no more than a suspicion on his part that sexual intercourse was the purpose of the two boys and the complaining witness. Counsel for appellant insists that the testimony of this witness at the trial is inconsistent with that given by him at the preliminary hearing and constitutes such surprise as entitled the appellant to a new trial.

Surprise was not suggested at the trial, and there is no showing that a continuance of the trial was requested on that or any other ground. Omitting the precaution of calling the court's attention to the fact that the testimony of the witness at the trial differed materially from his testimony at the preliminary hearing, and permitting the case to be submitted to the jury without moving for a continuance on the ground of surprise, the appellant will not now be heard to complain. He may not thus speculate on the verdict of the jury. It does not appear that the witness would testify differently than he did or that other testimony than his could be obtained to sustain the position of the appellant that another than the appellant is the father of the child.

Appellant also contends that the court erred in striking, and instructing the jury to disregard, the testimony of Robert Schuster and Herbert Woods.

These two witnesses of appellant testified, substantially, as follows: They were present at the

22

Christmas Eve party December 24, 1927. The complaining witness was there in a semi-intoxicated condition. The party was disorderly. The complaining witness, for probably a minute, was lying on top of, and wiping the face of, one of the boys who was hurt and cold. Some vulgarity, not at all astonishing at such a party as this one was described to be, on the part of some of the guests, is disclosed by the testimony of these two witnesses and the testimony of George Schuster at the preliminary hearing; but there is nothing from which the jury could infer that the complaining witness engaged in sexual intercourse at that time.

The theory of the appellant is that the child was conceived December 24, 1927, at the Christmas Eve party. The only testimony supporting that position is that of the three witnesses as stated above. That testimony was inadmissible. It consisted of mere conjecture or suspicion. Unless the child was prematurely born, it was not conceived December 24, 1927. One physician, called as a witness for the appellant, testified that the normal period of gestation was two hundred and eighty-two days; that a birth within eight months or seven months after date of conception would be a premature birth readily discernible by an examination of the child's nails and hair. He further testified that a baby born two hundred and fifty-three days subsequent to the date of conception would be an eight months' baby; that a woman's first baby is more likely to be carried the full period of gestation than for a shorter period.

It appears from the testimony that the baby, which is the first one borne by the complaining witness, was normal at birth, and that its hair and finger nails were fully developed. If the child had been conceived December 24, 1927, the gestation period was two

hundred and fifty-seven days, as the baby was born September 6, 1928. In that event, under the evidence in this case, the baby would have been prematurely born.

There is no testimony controverting the evidence that the baby was normal and carried the full gestation period. There was no offer to prove the premature birth of the child. After conception had taken place, it made no difference if the complaining witness had sexual intercourse with some one other than the appellant. Such testimony would be immaterial. *Hobson v. People,* 72 Ill. App. 436. Testimony that the prosecuting witness had intercourse with another person than the appellant prior to the date of conception or after conception has taken place is inadmissible. Such person is not the father of the child. Who is the father of the child? That is the only issue in the case. The only purpose of the testimony of appellant's three witnesses would be to impeach the reputation of the prosecuting witness for chastity. That she appears in such a proceeding as this, is a sufficient impeachment. In *Bookhout v. State,* 66 Wis. 415, 28 N. W. 179, it is stated:

"Cases are cited to show that the accused should have been allowed to impeach the reputation of the prosecutrix for chastity. They do not sustain the proposition. These cases are *State v. Coatney,* 8 Yerg. 210; *Sword v. Nester,* 3 Dana. 453; *Short v. State,* 4 Harr. (Del.) 568. The first two cases hold only that evidence of the general bad character of the prosecutrix is admissible to discredit her testimony. The case in Delaware is a *nisi prius* case. It is said the trial court permitted questions to be put and answered as to the general character of the prosecutrix for chastity. On what authority or on what grounds the ruling was made does not appear. The case is worthless as authority. The character for chastity of a woman who appears in court to affiliate her bastard

child is pretty effectually impeached without further proof on the subject; but that has no direct bearing upon the question to be tried,—whether the accused is the father of such child. Of course, he may show what her reputation is for truth and veracity, and thus attack the credibility of her testimony; but that is as far as he can go on questions of reputation.''

The argument that the complaining witness was of an adulterous disposition, and that the circumstances to which the three witnesses testified indicated that she had intercourse with one or more boys at the party on December 24, 1927, is sufficiently answered by the testimony of the physician to the effect that, if the child had been conceived at that time and born September 6, 1928, the child was prematurely born; and the further evidence that the child was not prematurely born. No offer was made to prove that the child was prematurely born, therefore the testimony of the three witnesses was inadmissible.

''It appears that defendant produced one Louie Rasmussen as a witness, and attempted to show by him that at some time during the month of June, 1910, he had intercourse with the plaintiff at defendant's home. The plaintiff objected to this testimony because the witness did not offer to testify that the intercourse took place within the period of gestation. The objection was sustained, the testimony was excluded, and this ruling is assigned as error. The court will take judicial notice of the fact that the period of gestation ordinarily is about 280 days. By the testimony offered the defendant attempted to show an act of intercourse which took place 252 days, or thereabouts, before the plaintiff's child was born. This testimony was properly excluded. There was no evidence showing, or tending to show, that the child was prematurely born, and, in order to make this testimony at all competent, that fact must have been shown.'' *Koepke v. Delfs*, 95 Neb. 619, 146 N. W., 962.

The evidence amply sustains the verdict. The judgment is affirmed.

MITCHELL, C. J., PARKER, TOLMAN, and BEALS, JJ., concur.