ESTHER J. ERWIN, SPECIAL ADMINISTRATRIX, APPELLEE, V. WATSON BROTHERS TRANSFER COMPANY, APPELLANT.

FILED MAY 14, 1935. No. 29235.

*Crossman, Munger & Barton, Story & Thomas,* and *Crawford & Nye,* for appellant.

*Rosewater, Mecham, Shackelford & Stoehr, contra.*

Heard before GOSS, C. J., GOOD, PAINE, DAY and CARTER, JJ., and LOVEL S. HASTINGS and LIGHTNER, District Judges.

HASTINGS, District Judge.

This case arises out of a collision occurring near Hiawatha, Kansas, between a passenger bus, owned and operated by the Interstate Transit Lines, and a truck and trailer, owned by the appellant, Watson Brothers Transfer

Company. William T. Erwin, the driver and operator of the passenger bus at the time of the collision, died on December 22, 1931, as a result of injuries received therein. At the time of his death he was a resident of Omaha, Nebraska.

On January 11, 1932, Esther J. Erwin, claiming to be his widow, applied for and obtained her appointment (without notice) as special administratrix of his estate. Deceased and Esther J. Erwin had no children. Deceased left surviving him, his mother. On January 16, 1932, Esther J. Erwin, as special administratrix, brought this action to recover damages for the wrongful death of William T. Erwin, from the Watson Brothers Transfer Company, defendant and appellant herein. The employer, Interstate Transit Lines, was joined as defendant, pursuant to section 48-118, Comp. St. 1929.

The case was tried twice; on the first trial the jury disagreed, and the second trial resulted in a verdict in favor of the appellee. Judgment was entered on the verdict. Appellant filed a motion for a new trial, one of the grounds being newly discovered evidence. The motion was overruled. Thereafter, during the same term of court, by stipulation of the parties in open court, the order overruling the motion for a new trial was set aside and vacated. Afterwards, the cause was heard upon appellant's motion to vacate the judgment and grant a new trial on the ground of newly discovered evidence. A hearing was had, during which a large amount of testimony was taken in the way of affidavits and orally in support of appellant's motion for a new trial, and on the part of the appellee in opposition thereto. The trial court overruled the motion for a new trial and reinstated the order vacating the previous ruling denying a new trial and the vacation of the judgment. The sole question presented by this appeal is, did the court err in overruling appellant's motion and application for a new trial on the ground of newly discovered evidence?

In the seventh subdivision of section 20-1142, Comp. St. 1929, it is provided as a ground for a new trial: "Newly

discovered evidence, material for the party applying, which he could not, with reasonable diligence, have discovered and produced at the trial."

Construing this part of that section, we have held: "To make a sufficient showing on such a ground, the proof should show that neither litigant nor his counsel could have discovered the evidence by exercise of due diligence; that the new facts are not only competent, relevant, material and contradictory, but that they render clear and positive that which was before equivocal and uncertain, and are of such a trustworthy character as will probably bring about a different result in case a new trial is granted." *Wiegand v. Lincoln Traction Co.,* 123 Neb. 766.

Whether a new trial should be granted upon the ground of newly discovered evidence depends upon the facts and circumstances in each particular case.

One of the issues raised by the pleadings in this case was whether Esther J. Erwin, the special administratrix, was lawfully married to the deceased, William T. Erwin, at the time of his death. At both of the trials, to prove the marriage of appellee to the deceased, Esther J. Erwin testified she was married to William T. Erwin in Kansas City, Missouri, on October 20, 1927, and that during their married life they had lived mostly in Omaha; and on being asked if they had lived in any other places, testified that they had lived in Kansas City and through the east. No other evidence was introduced by plaintiff in relation to her marriage to deceased in either trial. In neither trial did appellant cross-examine her upon this subject. In support of the motion for a new trial, appellant introduced in evidence the affidavit and oral testimony of one Zoe Herney, a friend and acquaintance of appellee. Her oral testimony, which is substantially the same as that contained in her affidavit, related to a conversation that the witness had with appellee shortly before the second trial. In regard to the conversation she testified as follows: "Q. That conversation was what? A. Shortly before the trial she was nervous and she said she was very

nervous, and I said, 'What are you nervous about?' And she said, 'Over that trial', and I said, 'Well, what are you going to say when they ask you where you were married,' and she said she was going to say that she was married in 1927 in Kansas City, Missouri, and I said, 'Where,' and she said, 'Kansas City, Missouri,' and I said, 'Suppose they ask you for proof?' You want me to keep on telling it? Q. Yes. A. So I said, 'Suppose they ask you for your proof?' And she said that she would say that she lost it or that it was destroyed by a fire. Q. What? A. I said, 'Suppose they keep asking you?' Q. I mean what was destroyed? A. Her certificate or proof of her marriage, and she said, 'Well, I will just tell them that Bill told me so; I will just tell them that Bill told me that we were married, and that is all I know about it.' "

Appellee in her affidavit and her oral testimony admits she had such a conversation or one similar to it with the witness at the time testified. She admits that no ceremonial marriage was ever performed, that her marriage to deceased in the state of Missouri was under a verbal contract to live together as husband and wife.

Affidavits of appellant and its attorneys are in evidence to the effect that they believed, from the testimony of the appellee given in both trials as to her marriage, that such marriage was ceremonial until shortly after the overruling of the motion for a new trial the first time, when they learned, accidentally, that it was not.

It is contended by counsel for appellee that, if appellant and its counsel had exercised reasonable diligence, it could have ascertained the facts in regard to the alleged marriage. It is urged that, if its counsel had cross-examined plaintiff on this issue, while a witness at either of the trials, it would have been disclosed she had not been married to deceased by a ceremonial marriage in Missouri or elsewhere, and that the failure to inquire showed a lack of reasonable diligence.

In this case the evidence discloses that the appellee by her testimony in both trials intended to convey the impression that she was married to deceased by a cere-

monial marriage. The plain import of her testimony is to that effect. There is nothing in the pleadings nor in her testimony given in either trial to suggest or cause appellant or its counsel to suspect that her alleged marriage to the deceased was other than ceremonial. If she had been cross-examined upon the subject, she had intended to falsely state that the certificate of marriage had been lost or destroyed.

In support of the contention that appellant was negligent, we are cited to the case of *Fitzgerald v. Brandt,* 36 Neb. 683, and the case of *Parkins v. Missouri P. R. Co.,* 79 Neb. 788, where it was held that the failure to cross-examine a witness to elicit facts afterwards claimed to be newly discovered evidence was a failure to exercise reasonable diligence. On the facts in this case those cases are not applicable.

While counsel for appellant had the opportunity to inquire on cross-examination as to what were the facts in regard to the alleged marriage, there was nothing in the evidence of appellee suggesting the propriety of making such inquiry. Under the circumstances disclosed by the evidence, the contention that reasonable diligence was not exercised in uncovering the deceit practiced is not well taken.

At the time that appellee claims to have entered into a common-law marriage with the deceased in Missouri, there was a statute making common-law marriages null and void. Rev. St. Mo. 1929, sec. 2977. Since the enactment of that statute the supreme court of that state has construed it, holding that common-law marriages contracted after the passage of the statute were null and void. *State v. Hare,* 331 Mo. 707.

The newly discovered evidence, under the issues, was material. On the record made at the trial it would have been sufficient to have changed the result. In opposition to the motion for a new trial appellee introduced evidence tending to show that a common-law marriage might have been entered into either in the states of Colorado or Iowa, where common-law marriages are recognized as valid.

We are asked to determine whether such evidence shows a valid common-law marriage. From the view that we take of the case, it is not necessary nor proper for us to consider and determine whether such evidence is sufficient to show a common-law marriage in some state other than the state of Missouri. The question before the trial court on the motion for a new trial was whether a valid marriage had been entered into in the state of Missouri. This marriage, by the newly discovered evidence, is shown not to have been a legal marriage.

A verdict and judgment obtained, as the one in this case was, should not be allowed to stand. Whether the appellee and deceased entered into a legal common-law marriage in some state other than Missouri will be an issue to be tried and determined upon a new trial of this cause.

The judgment is reversed, with directions to set aside the order denying a new trial, and to grant appellant a new trial.

REVERSED.

PAINE, J., dissents.