EMIL HAHN, APPELLANT, V. VERLIN DOYLE ET AL., APPELLEES.

286 N. W. 389

FILED JUNE 16, 1939. No. 30604.

*Spillman & Ptak,* for appellant.

*Carl H. Peterson* and *R. J. Shurtleff, contra.*

Heard before SIMMONS, C. J. ROSE, EBERLY, PAINE, CARTER, MESSMORE and JOHNSEN, JJ.

CARTER, J.

This action was commenced to recover damages suffered by plaintiff when struck by an automobile alleged to have been driven by the defendant Gerald Doyle. From a verdict and judgment for the defendant the plaintiff appeals.

Plaintiff testifies that on January 1, 1936, at or near the hour of 12:30 a. m., he was walking south across Norfolk avenue on the west side of First street in Norfolk, Nebraska. At the time he reached a point approximately seven feet from the south curb of Norfolk avenue he was struck by a car, operated by a negligent driver, which came from the south on First street and turned west on Norfolk avenue, causing the injuries for which damages are sought. Plain-

tiff did not recognize the driver of the car nor the car itself. To establish that the car was driven by the defendant Gerald Doyle, Paul Jones was called as a witness and testified that the defendant Verlin Doyle, the father of Gerald Doyle and the owner of the car which is alleged to have struck the plaintiff, stated to him and his wife that Gerald did cause his car to strike plaintiff and that he needed all the help he could get as he was unable to pay damages. This evidence was positively denied. Fred H. Schmeckpeper testified that he had a conversation with Paul Jones in which Jones stated that he knew the car which hit the plaintiff and that it was not defendant's car.

Plaintiff called Clarice Case, who testified that Gerald Doyle took her to her home in Battle Creek, accompanied by four other young people, shortly after 1 o'clock of the morning in question and that he stated he hit something on Norfolk avenue and he was afraid his father would find it out. Gerald Doyle and the other four passengers deny that any such statement was made.

Max Leonard and his wife testify that Gerald Doyle and two companions came into their place of business about 12:30 a. m., of the morning in question, and ordered some beer, which was refused because Gerald was in a drunken condition. Both witnesses say that they went to Verges Sanitarium at about that hour and that they followed Gerald Doyle's car on First street to within one block of the point where the accident occurred, at which time they saw him turn west on Norfolk avenue. The purpose of the trip to the sanitarium was to take one Bill Buss there for treatment for injuries he had suffered in a fall. There is evidence in the record that Buss arrived at the sanitarium after plaintiff had been taken there.

The chief of police and officer Rice of the Norfolk police department testified that they went to the scene of the accident where plaintiff told them he had been hit by a car coming from the west instead of from the east as plaintiff testified. Dr. Verges testified that plaintiff's right leg was broken and that it appeared to have been struck from the

outside, which would indicate that the moving force of the blow was from the west. Gerald Doyle denies that he was at the scene of the accident at any time that night. There is evidence by the young folks who were with him that Gerald Doyle was not at the scene of the accident.

This in substance is the evidence upon which the jury returned a verdict for the defendant. The evidence was very conflicting. We have many times held that, where the evidence was conflicting, a verdict of a jury based thereon will not be disturbed unless it was clearly wrong. We find no reason for interfering with the verdict of the jury in so far as the sufficiency of the evidence is concerned.

Plaintiff contends that the trial court, in instructing the jury, gave undue prominence to the physical facts by special reference thereto. The substance of the instruction complained of was that the physical facts surrounding the accident were very important and, if the jury found that the verbal testimony of any witness or witnesses was in conflict with the physical facts and could not be reconciled therewith, the physical facts should be accepted as reflecting the truth. This statement of the law seems to conform to previous holdings of this court. *Hessler v. Bellamy*, 128 Neb. 571, 259 N. W. 514; *Peterson v. Omaha & C. B. Street R. Co.*, 131 Neb. 676, 269 N. W. 510. The use of the words "very important" in the instruction is criticized and assigned as error because it gives undue prominence to the evidentiary value of the physical facts. This contention is answered by this court in *Stull v. Stull*, 1 Neb. (Unof.) 380, 96 N. W. 196, wherein the court said:

"It is claimed that this instruction was erroneous, because, by calling attention specifically to these letters, it gave them undue prominence as evidence and because by the use of the word 'important,' it indicated that the court regarded them as of peculiar or, at least, considerable weight as evidence bearing upon the issues of the case. We are unable to concur in either objection. The trial of causes would be rendered extremely difficult, if not impossible, if the presiding judge should be rigidly forbidden to remind the jury

of the propriety of considering certain items of evidence which had been introduced upon the trial, or to tell them upon what particular matters in controversy such items had a bearing. Indeed, it is often of the highest importance to the ends of justice that he should so do, lest evidence that is important and material as to certain matters in dispute only, should be mistakenly supposed by the jury to be entitled to consideration in the determination of other matters to which it had no relevancy."

We have examined the instructions complained of and, when considered with all the other instructions, we find no prejudicial error in this respect.

The plaintiff in his motion for a new trial asked that a new trial be granted on the ground of newly discovered evidence. The affidavits of several persons appear in the record in support thereof. We have examined them and find that the newly discovered evidence is either cumulative, impeaching, or that which would have been discovered before the trial in the exercise of reasonable diligence. If the newly discovered evidence is cumulative or impeaching in character it is not sufficient to obtain a new trial. *Miller v. Crosson,* 133 Neb. 892, 277 N. W. 796. Much of the newly discovered evidence set out in the affidavits would have been available had due diligence been exercised. This situation is governed by the cases of *Erwin v. Watson Bros. Transfer Co.,* 129 Neb. 64, 260 N. W. 565, and *Miller v. Olander,* 133 Neb. 762, 277 N. W. 72. Plaintiff also contends that he was surprised by the evidence produced by the defendants. There was no motion for a continuance made on the ground of surprise. Plaintiff's failure to move for an adjournment of the trial precludes a new trial on that ground. *Bonacorso v. Camden Fire Ins. Ass'n,* 130 Neb. 203, 264 N. W. 442. A party preparing a case for trial is bound to proceed on the assumption that his adversary will produce evidence to sustain the allegations of his own pleading and attempt to disprove the allegations made in opposition thereto. *Secord v. Powers,* 61 Neb. 615, 85 N. W. 846; *Kielian v. Kent & Burke Co.,* 131 Neb. 308, 268 N. W. 79. The plaintiff is not

entitled to a new trial on the ground of newly discovered evidence and the trial court properly denied it.

There being no prejudicial error in the record, the judgment of the district court is

AFFIRMED.