## RUEDY v. TOWN OF WHITE SALMON.

No. L–1855.

District Court, E. D. Washington, S. D.

May 11, 1940.

R. M. Burley and Rupert Bullivant, both of Portland, Or., and Walter J. Robinson, Jr., and Elwood Hutcheson, both of Yakima, Wash., for plaintiff.

---

[1] Judgment subsequently set aside by Judge RICE and case remanded to the state court.

238

Z. O. Brooks, of Goldendale, Wash., for defendant.

NETERER, District Judge.

Upon opening of the pre-trial procedure the attorneys for the plaintiff proposed certain amendments to the second count of the amended complaint, for the reason in substance that in the construction of the pipe line there was a substantial deviation, and not within the contemplation of the parties and covered by the contract; that the contract was annulled by conduct, and that recovery may be had in quantum meruit. The defendant objected to the proposed amendment, saying the amendment would change the issues. The court stated that after the evidence is in, amendments could be made to conform to the evidence, and denied the request for amendments at the time, with permission to renew the request when the evidence is in.

The court then recessed to afford the attorneys opportunity for conference. The attorneys for the respective parties after conference appeared and admitted that the plaintiff has been, and now is, an individual doing business under the name of Eugene Ruedy Company, and that he was, and is, a citizen of the State of Oregon; that defendant is a municipal corporation of the State of Washington; that the matter in controversy exclusive of interest and costs exceed $3,000; that on or about February 18, 1937, the plaintiff and the defendant entered into a written contract by the terms of which the plaintiff, in consideration of payments therein required, agreed to construct, furnish labor and material for a water supply line as set forth in said contract filed as Exhibit "A"; that the total amount claimed due under the contract is $64,698.19; that $54,760.56 has been paid, on the dates set forth in paragraph 12 of the amended complaint; that certain extras on the contract were performed and paid and are included in the said $54,760.56 paid, except 15% of the extras thus paid, not included.

The contract it is claimed by plaintiff was completed on or about October 26, 1937; but after the settling time provided by the contract, and on application of test by pumping into the pipe line, "about 300 lbs. pressure", the pipe line across and on the bed of Salmon river broke.

The line was constructed according to plans and profile filed as Exhibit "I", and was re-constructed according to profile, etc., Exhibit "2" carrying the name of the defendant's engineer, and claimed by the plaintiff to have been furnished as an amended plan or extra, for construction of the line across said river, defendant denies said profile was authorized by it. The line did not hold and several attempts were made, but all failed. No further attempt was made by the plaintiff on said construction work. The defendant then took over and re-constructed the line. The last work performed by the plaintiff was January 7, 1938. The total cost to plaintiff for the work under profile Exhibit "2", and under changes thereof, and for which he seeks to recover, is $1,250.89 plus 15%. The costs for the work under profile Exhibit "2" is $———— and for the work on the subsequent changes in profile Exhibit "2" is $————. All penalty for not completing the work within the time provided by the contract is waived by the defendant.

The defendant claims that profile plat Exhibit "2" was prepared and presented to plaintiff by another than defendant's engineer, and not by authority of defendant.

Plaintiff claims that defendant's engineer ordered the work and that defendant's mayor, councilmen, clerk and engineer at all times knew plaintiff was doing the extra work, and were frequently on the "job" and inspected the same as the work progressed, and by payment of extras, on the original plan without written order as provided by the contract, by conduct waived written order for all changes, for the following reasons,

1. By the practice of paying for extras without written orders.
2. At the time the work was installed it was orally agreed between the plaintiff and the defendant's engineer that no written order for extras would be given until the work had been completed.
3. That the change in the outlet at the dam from wood to concrete was made and paid for except as to 15%.
4. That the dam was longer and higher requiring more material and time, and was paid for except as to 15%.
5. That an area was cleaned above the dam amounting to about 20% over the clearing called for by the contract, and was paid for except as to 15%.
6. Deviation in the course of the pipe line which was paid for except as to 15%.
7. Changes in "head work" which was paid for except as to 15%.

8. 6/10/37 installing 3" gate valve in sand trap $26.04

9/14/37 4" tees at stations 347 & 222 $30.00

9/28 &

10/4/37 installing 20 feet of 12" wood pipe $12.60

9/10/11/37 changing location of water main in stations 229 & 236 $108.60

10/15/37 extending blow pipe to culvert to stations 250 & 290 $14.71

The defendant asserts that it frequently and at all times declined to extend the work or authorize any order, as extras, or permitted the engineer to do so on behalf of the defendant, all of which was known to the plaintiff.

This matter cannot be determined at this time upon this pre-trial hearing, and the following matters will be left open for determination at the time of trial before the jury.

1st. Was the pipe line constructed in accordance with the contract?

2nd. Did the conduct of defendant's mayor, town councilmen, and town engineer while the work was in progress, and orders as to the method of the construction, and the matter of issuing the profile Exhibit "2" estop defendant from contending against plaintiff's claim?

3rd. If the construction was not in conformity with the contract, or orders given as to changes, what were the resulting damages to the defendant?

This order entered pursuant to and in conformity with Rule 16 of the Procedure of the Rules of Civil Procedure for the District Courts of the United States, 28 U.S.C.A. following section 723c, will control the subsequent course in this action.