## RUEDY v. TOWN OF WHITE SALMON.
### No. L–1855.

District Court, E. D. Washington, S. D.

Sept. 16, 1940.

Pendergrass, Spackman, & Bullivant, of Portland, Or., for plaintiff.

McEwen & Brooks, of Goldendale, Wash., for defendant.

NETERER, District Judge.

This is a suit to collect the balance due on a contract to construct a pipe line for a water system for domestic water supply for the Town of White Salmon. The jury returned a verdict in favor of the plain-

tiff. The defendant files a motion for new trial.

First. "Irregularity in the proceedings of the Court in that at the pre-trial of this cause certain questions only were reserved to be submitted to the jury for decision, and that at the trial of said cause, plaintiffs were permitted to go beyond the questioning reserved."

Second. Accident or surprises which ordinary prudence could not have guarded against.

Third. "Error in the assessment of the amount of recovery allowed to the defendant in that said recovery was too small—being no recovery allowed."

Fourth. That the verdict is against the law.

Fifth. "Error of law occurring at the trial and excepted to at the time by the defendant."

■ Defendant in its brief appears to have abandoned the first ground of its motion by omitting it in argument. The plaintiff has presented no argument.

On pretrial hearing so far as here pertinent the following matters were left open for determination at the time of trial before the jury.

First. "Was the pipe line constructed in accordance with the contract?"

The testimony of the plaintiff, if believed by the jury, showed conclusively that the pipe line was constructed in accordance with the plans and specifications, which were made a part of the contract; and under the supervision and direction of the town engineer in charge. A section of the pipe line extended across Salmon river, the pipe resting on the bed of the river. After the water was turned on the pipe broke. Before resting, the plaintiff offered an expert witness to show that the specifications were faulty, and objection to the question was sustained, the court stating that after defendant's testimony the question may be proper in rebuttal. The defendant procured a diver (witness) who testified that he examined the pipe line in the bed of the river, and that the end of the pipe line near the bank of the river nearest the town broke and the pipe had drifted down stream four or five feet and rested against a stump in the river bed. There was no evidence by the defendant that the pipe line across the river was not constructed in accordance with the plans and specifications. There was no evidence of any faulty material, or work, or any reason for the movement of the pipe line; the inference no doubt was to be placed on improper construction in such circumstances, and especially when pleaded in the reply it was proper for the plaintiff to meet his presumption on rebuttal, and the plaintiff on rebuttal called his expert, and he was permitted to testify, over defendant's objection, that the plans were faulty in that lack of support to the pipe line to keep it from moving back and forth, because of pressure, when the water was turned on. The effect of the force of the water when turned on was like that of the force of water when turned on a rubber hose, and caused the pipes to move back and forth and break the joints in the pipe where connected with the pipe firmly bedded in the shore land.

■■ This testimony was clearly admissible and was within the issue as per pretrial order.

■ No accident or surprise came to the defendant, nor was error committed because defendant was not permitted to prove the money expended item by item on said pipe line by reason of alleged default on the contract by plaintiff in the sum of $3,339.90, since the contract provided for such payment. The provisions of the contract embodied the limitation on the power of the Town having relation to expenditures as provided by Sec. 9185, Rem.Rev. Stat. of Wash., requiring public work to be done by contract "when the expenditure required for the same exceeds the sum of one hundred dollars * * * and shall be let to the lowest responsible bidder, after due notice * * *". Before evidence is admissible of money expended for default in such contract it must be shown that the money expended is within the power of the Town. Had this been done it would have been proper to show the money expended as per such contract. The court did say it would receive evidence of reasonable value, exception was taken to this ruling. It might be error to receive evidence of reasonable value in the circumstances as in this case, but the error would be prejudicial to the plaintiff and in favor of the defendant. This likewise answers the exception to the instructions on "the reasonable cost to remedy such alleged defects." But the competent evidence would not have changed the result, Flint & P. M. R. Co. v. Marine Ins. Co., C.C., 71 F. 210. There can be no surprise in this case under the stat-

132

ute, supra. And the jury found that defendant was not entitled to recover anything, hence the question is doubly moot. Conceding surprise it will not support a motion for new trial in the absence of a motion for a continuance. Lawrence v. Farmers' Mut. Ins. Co., 174 Wash. 588, 25 P.2d 1029; Beardsley v. Howard & Bullough Mach. Co., C.C., 176 F. 619; Flint & P. M. R. Co. v. Marine Ins. Co., C.C., 71 F. 210; Carr v. Gale, Fed.Cas. 2433. See also State v. Ferguson, 157 Wash. 19, 288 P. 239; Jensen v. Spokane Falls & N. R. Co., 51 Wash. 448, 98 P. 1124; Woods v. Globe Nav. Co., 40 Wash. 376, 82 P. 401; Mortiner v. Dirks, 57 Wash. 402, 107 P. 184. Aside from this, it was not shown, nor stated, that defendant's engineers who had testified as experts in this case were not in attendance at court, and at the time in the presence of the court.

Nor is error apparent for failure of the jury to allow credit for delay in completion of the contract. The time of completion of the contract was an issue of fact, and this was fairly submitted to the jury, it found against defendant. The acts done by plaintiff subsequent to the completion of the contract as found by the jury, was found to be voluntary, and not on the contract.

. The motion for new trial is denied.