## PLATT v. PLATT et al.

### No. 467.

Municipal Court of Appeals for the District of Columbia.

Feb. 6, 1947.

Stanley H. Fischer, of Washington, D. C., for appellant.

Dennis Collins, of Washington, D. C. (Harry Bonnett, of Washington, D. C., on the brief), for appellee Platt.

Vernon E. West, Corp. Counsel, of Washington, D. C. (Chester H. Gray, Principal Asst. Corp. Counsel, and Henry E. Wixon, Asst. Corp. Counsel, both of Washington, D. C., on the brief), for appellee Cox.

Before CAYTON, Chief Judge, and HOOD and CLAGETT, Associate Judges.

CAYTON, Chief Judge.

Plaintiff sued in detinue to recover possession of an automobile which had been impounded by the police department following a collision. He named the property clerk of the police department as defendant. Thereupon his wife intervened in the case and made claim to the automobile as her property. Thus it became a contest between husband and wife, with the police department having no interest in the outcome. The evidence revealed many points of conflict. These we shall not attempt to list; we recite only the facts relating to the issues on this appeal.

Plaintiff testified that the initial part of the purchase price of the car had been paid by a trade-in allowance on an older car of his and the remainder by funds of his which he had turned over to his wife for deposit in bank in her name. These funds were derived, he said, from the cash surrender value of an insurance policy and from his earnings as a government employee and in his law practice. All of this, except $10 per week spending money, he said he turned over to his wife.

Mrs. Platt admitted that the trade-in of her husband's car constituted the down payment on the car, but questioned whether the allowance was as large as he claimed. She testified that with her own money she had made all the cash payments, and denied that her husband had ever turned his earnings over to her or that they were ever deposited to her credit. She also denied that her husband had ever practiced law "to her knowledge about that time."

The court continued the case for about two weeks to give the parties an opportunity to produce further testimony as to the amount of the trade-in allowance on the purchase. Such evidence was brought in and after the case had been under advisement for some ten days, the court found in favor of Mrs. Platt and awarded possession of the automobile to her.

In his brief and on oral argument before us appellant seeks reversal on the ground that the trial judge should have granted his motion for new trial. Such motion, which was not supported by affidavits, was based principally upon the ground that he had been taken by surprise by his wife's testimony denying that he had turned over any of his pay roll checks to her for deposit, and by her testimony denying that he had prac-

ticed law at the time he claimed to have done so. In the motion he recited that he had obtained photostatic copies of his pay roll checks which had been turned over to and endorsed by her and deposited in bank to her credit. The motion also recited that he had obtained affidavits from former clients, and other evidence as well, establishing that his wife knew of his law practice.

As we understand appellant's position he concedes that the granting or refusal of a new trial was in the discretion of the judge, but that the judge erroneously "excluded" or refused to consider the evidence appellant had obtained after the trial. Unfortunately for him, however, the record does not disclose any such ruling. The motion, as we have seen, was supported by no affidavits, and according to the record none were tendered at the argument of the motion; nor were any witnesses offered in support of the motion. Therefore it cannot be said that the trial judge "excluded" any of appellant's newly discovered evidence, for none was tendered.

■■ We cannot say that it was error to refuse a new trial under these circumstances. If plaintiff was surprised by the testimony of his wife he did nothing to make that surprise known to the court. Nor did he ask a continuance to enable him to bring in refuting evidence. And though when the judge continued the case for a second hearing he had another opportunity to do so, he still did not bring in his further proof or seek additional time for that purpose. Likewise, he remained silent during the ten-day period the judge had the case under advisement. And it was not until after the decision had gone against him that he made his "surprise" known to the court. We must hold that he was too late. We must hold that he was in effect taking his chances on a favorable verdict and then seeking a retrial when the decision went against him. This a litigant may not do.[1] Many cases support the views we have stated.[2]

We do not say that in situations of this kind the motion for new trial must always be denied, or that such denial is never reviewable on appeal. We say only that on the basis of the record before us appellant is not entitled to a reversal.

Affirmed.

[1] Compare Palmer Const. Co. v. Patouillet, D.C.Mun.App., 42 A.2d 273; District Hauling & Construction Co. v. Argerakis, D.C.Mun.App., 34 A.2d 31; Meyer v. Capital Transit Co., D.C.Mun.App., 32 A.2d 392.

[2] Chambers v. Anderson, 6 Cir., 58 F. 2d 151; Tomljanovich v. Victor-American Fuel Co., D.C.D.Me., 230 F. 467, affirmed 1 Cir., 232 F. 662, certiorari denied 242 U.S. 643, 37 S.Ct. 212, 61 L. Ed. 542; Beardsley v. Howard & Bullough American Machine Co., C.C.D.R. I., 176 F. 619; Ruedy v. Town of White Salmon, D.C.E.D.Wash., 35 F.Supp. 130; Id., D.C., 1 F.R.D. 237; Felix v. Lehman, N.D., 20 N.W.2d 82; Hahn v. Doyle, 136 Neb. 469, 286 N.W. 389; Stoddard v. Stoddard, Sup., 37 N.Y.S.2d 605; Baker v. Berreman, 61 Cal.App.2d 235, 142 P.2d 448; Fairmont Creamery Co. v. Marshall, 188 Okl. 23, 105 P.2d 778; Schlessman v. Brainard, 104 Colo. 514, 92 P.2d 749.