RUSSELL ROMANS, APPELLEE, V. ROY BOWEN, APPELLANT.

82 N. W. 2d 13

Filed April 5, 1957. No. 34134.

*Ronald K. Samuelson, Ernest Raun,* and *Keith Hopewell,* for appellant.

*Don S. Farrens,* for appellee.

Heard before SIMMONS, C. J., CARTER, MESSMORE, YEAGER, CHAPPELL, WENKE, and BOSLAUGH, JJ.

YEAGER, J.

This is an action at law by Russell Romans, plaintiff and appellee, against Roy Bowen, defendant and appellant, to recover an alleged balance of $1,575.20 due under a settlement of accounts made on March 15, 1954, between the parties growing out of a written agreement covering a joint farming and feeding operation of hogs and cattle on the land of the defendant, which was followed by an oral agreement for a feeding operation of hogs and to some extent the production of crops thereon. The action relates only incidentally to production of crops.

On trial of the case a jury returned a verdict in favor of the plaintiff and against the defendant for $1,400. Judgment was rendered on the verdict. A motion for new trial was filed and in due course overruled. From the order overruling the motion for new trial the defendant has appealed.

The assignments of error set forth as grounds for reversal are (1) that the order overruling defendant's motion for new trial is contrary to law, and (2) that it is not supported by and is contrary to the evidence.

The only point asserted or argued in the briefs however is that the court erred in refusing to grant a new trial on the ground of newly discovered evidence.

As ground for action the plaintiff pleaded that on or about March 26, 1953, the parties entered into an agreement whereby the plaintiff was to feed and care for hogs being prepared for market and that as compensation he was to receive 10 percent of the proceeds of sale, and whereby he was to feed and care for cattle then being prepared for market and that for this he was to receive 25 percent of the net profit; that on or about July 1, 1953, the parties entered into an oral agreement by the terms of which plaintiff was to receive a one-half interest in 26 brood sows belonging to the defendant, and a one-half interest in the 1953 fall and the 1954 spring pigs from the sows; that the plaintiff

would farm certain land of the defendant the crops from which would be shared equally between the parties; and that except for certain items of account including plaintiff's interest in cattle and his interest in pigs sold, all accounts were fully settled from time to time prior to March 15, 1954. The allegations to this extent present the background for the basis upon which the action is predicated.

The true basis for the action as pleaded is as follows: On March 15, 1954, the defendant prepared a statement of account of the unsettled items of the parties as follows:

"a.  Due the defendant from the plaintiff the sum of $1,128.14 for feed and vaccinating;

"b.  Due the defendant from the plaintiff the sum of $650.00 for brood sows purchased;

"c.  Due the defendant from the plaintiff, the sum of $565.00 for a press drill and lister purchased from the defendant;

"d.  Due the plaintiff from the defendant the sum of $3888.23 for the plaintiff's share of hogs sold for the parties by the defendant in his name and for plaintiff's share of hogs retained by the defendant;

"e.  Due the plaintiff from the defendant the sum of $54.98 for the plaintiff's share of hay on the farm; and

"f.  Due the plaintiff from the defendant the sum of $175.13 for the plaintiff's share of oats on the farm."

Plaintiff alleged that on the account as thus stated the defendant, on January 17, 1955, paid $200, thus leaving a balance due and owing in the amount of $1,575.20. The prayer was for judgment in this amount.

To the petition the defendant filed an answer wherein he denied generally the allegations of the petition, except that he admitted that he owed $30.11 being a balance due on the purchase of oats of the value of $175.13 and of hay of the value of $54.98 on which he had paid $200. He offered to confess judgment in the

amount of $30.11. For reply the plaintiff filed a general denial.

The record of the evidence discloses that the existence of the two contracts and the alleged contents thereof are not disputed. Likewise beyond dispute the parties negotiated a settlement of the accounts on March 15, 1954. The evidence of the plaintiff however fails to disclose the prepared statement or any other of like import which he has pleaded as the basis of his cause of action.

The evidence of plaintiff discloses that on March 15, 1954, the parties got together in the home of the defendant for the purpose of settling their accounts; that on that date on information furnished by them, a son of the defendant made a computation of the accounts and on the basis of the computation a settlement was made; that at that time the defendant receipted for payment by plaintiff of three separate items as follows: $1,128.14, $650, and $565; that the same day the plaintiff gave to the defendant a receipt for $4,108.34, being $3,888.23 for hogs, $54.98 for hay, and $175.13 for oats; that by instrument dated March 15, 1954, the following certificate was delivered to defendant: "March 15, 1954 To Whom it May Concern: This is to certify that I, Roy Bowen and Russell Romans, have met on this date and made full settlement on cattle, hogs, oats & hay to this date in full satisfaction to all parties concerned. (Signed) Genevieve Romans." The plaintiff testified that this was signed by his wife. The execution and delivery of these instruments is not brought into question. No memoranda of the computation made by the son or of the data upon which it was based are in evidence.

There is no evidence whatever of any statement made on March 15, 1954, that after the settlement of that date the defendant was indebted to plaintiff in the amount of $3,888.23 or of any other amount. To the contrary according to the documents which the plaintiff has exhibited in evidence no amount was due.

According to plaintiff's testimony after this settlement had been made he became dissatisfied. Whether or not any specific demand for payment was thereafter made upon the defendant has not been made certain. In any event this action was commenced. On the trial no effort was made to prove the existence of the statement which was the alleged basis of the cause of action. Plaintiff attempted to prove as a basis for recovery that he was entitled to receive the amount claimed as payment for corn furnished for the feeding of hogs in excess of the amount furnished by the defendant.

His evidence in this connection related either to matters without the settlement or to a deficiency in the amount embraced in the receipt for $4,108.34. Under neither theory does the evidence support the issues made by the pleadings. No objection however has been made by the defendant to this departure.

The parties, under the oral agreement, were engaged upon an enterprise whereby each was to furnish one-half of the expense of care and feed of pigs and sows and to share equally in the profits. No question of profits is directly involved here. The pertinent question is only one of feed.

It is but a matter of reason and logic to say that the question of whether or not the defendant owed the plaintiff anything for feed depended upon the amount of feed each furnished and the value thereof. The record is devoid of any evidence from which any reasonable conclusion may be arrived at in this respect.

In this respect the plaintiff rested his right of recovery on evidence that he furnished a quantity of corn for the animals fed and that for one-half the value thereof the defendant was indebted to him. The quantity was not made certain. The plaintiff adduced no competent evidence as to value. His testimony in this regard failed to take into consideration any specific contribution of feed to the enterprise by the defendant.

In essence therefore the plaintiff's case at the time he

rested depended upon evidence not of an accounting for feed pursuant to the contract alleged but solely upon proof that he had furnished feed.

At the close of plaintiff's case the defendant failed to move for a directed verdict, which would have afforded the court the opportunity to pass as a matter of law on the question of whether or not the evidence was sufficient to sustain a cause of action. It will be interpolated here that likewise no such motion was made at the close of all the evidence.

The defendant then adduced his evidence. In the view taken it does not become necessary to review this evidence herein, but only to say that the defendant gave no testimony that he was indebted to plaintiff in any amount. By answer he admitted that he owed $30.11. It however becomes necessary to discuss an exhibit which was offered in support of the motion for new trial. It is this exhibit that the defendant says was newly discovered evidence which entitled him to a new trial.

The exhibit is the following: "July 17, 1953. Corn by measure owned by Roy—2221.4 bu. Sold to Russell Romans 1110.7 bu. Settlement to be made on return of hogs according to agreement agreed to between parties hereto. (Signed) Roy Bowen (Signed) Russell Romans." The instrument is dated about 17 days after the oral contract was made.

The defendant by affidavit asserted that this exhibit was discovered after the trial and that the failure to discover and adduce it was not the result of lack of due diligence. He urges that if it had been adduced the result of the trial would have been more favorable to him.

A reasonable basis, on the record made in this case, for the contention that if the exhibit had been adduced the result would have been different is not apparent. The only conceivable purpose it could have had on its face would have been to show that on the date it bore the plaintiff owed the defendant for 1110.7 bushels of corn

for which settlement was to be thereafter made.

Arguendo the defendant says that the exhibit could have had a bearing favorable to him in proof of the matters which were included in the settlement of March 15, 1954. Suffice it to say that the defendant is not claiming anything beyond that which he says he was entitled to at that time. The plaintiff has not contended that it was not so included. It could not therefore have added to any basic contention of the defendant.

The rule applicable is that a verdict and judgment thereon will be vacated and a new trial granted on an application of a party aggrieved by reason of newly discovered evidence only if the evidence is material and could not with reasonable diligence have been discovered at the time of the trial, which evidence would probably change the result substantially and favorably to the applicant. City Savings Bank v. Carlon, 87 Neb. 266, 127 N. W. 161; Erwin v. Watson Bros. Transfer Co., 129 Neb, 64, 260 N. W. 565; Miller v. Olander, 133 Neb. 762, 277 N. W. 72; Hahn v. Doyle, 136 Neb. 469, 286 N. W. 389; In re Guardianship of Carstens, 151 Neb. 425, 37 N. W. 2d 581. The showing of the defendant in the light of the record made and the controlling principles will not permit the granting of a new trial in this case on the ground of newly discovered evidence.

We think however that there should be a reversal of the judgment in this case and that a new trial should be granted. To do this it becomes necessary to respond to the exception contained in rule 8 a2(4) of the Revised Rules of the Supreme Court. This provision is as follows: "Assignments of error relied upon for reversal and intended to be urged in the brief shall be separately numbered and paragraphed, bearing in mind that consideration of the cause will be limited to errors assigned and discussed. However, the court may, at its option, notice a plain error not assigned."

As pointed out the defendant by assignments of error said that the order overruling the motion for new trial

was contrary to law and to the evidence. The assignments were in no wise discussed in the brief.

The plaintiff's evidence fails to sustain a right of recovery in the amount prayed for in the petition or in the amount awarded by the verdict either on the theory presented by the petition or by the evidence. The plaintiff has failed to furnish evidence from which a result may be calculated and a finding made that the defendant is indebted to him in any definite amount or for that matter in any amount.

To allow this verdict and judgment to stand in the light of the failure of the plaintiff to prove the essentials of a right of recovery would be a patent perversion of established rules of law and, under the evidence, a miscarriage of justice. In this light and in the light of the power granted by the rule of this court which has been referred to it is determined that the judgment should be and it is reversed and the cause is remanded with directions to grant a new trial.

REVERSED AND REMANDED.